**Paul CARAMANIAN, Appellant,**

v.

**HOUSTON INDEPENDENT SCHOOL DISTRICT, Appellee.**

**No. B14–91–00029–CV.**

Court of Appeals of Texas, Houston (14th Dist.).

Jan. 2, 1992.

---

George M. Kirk, Jr., Houston, for appellant.

Arturo G. Michel, Kelly Frels, Houston, for appellee.

Before PAUL PRESSLER, JUNELL and ELLIS, JJ.

## OPINION

ELLIS, Justice.

This is an appeal from an order granting appellee's plea to the jurisdiction in favor of appellee, Houston Independent School District, and dismissing appellant's, Paul Caramanian's, suit with prejudice. The trial court found as a matter of law that the court did not have jurisdiction over appellant's cause because of the failure of appellant to exhaust his administrative remedies before the Houston Independent School District and the Commissioner of Education. From this order appellant appeals. We affirm.

Appellant is a certified teacher employed by H.I.S.D. under a continuing contract. During the 1984–85 school year, appellant taught at Milby High School in its petrochemical magnet program. On March 29, 1985, H.I.S.D. notified appellant that the specific classes which he taught were being discontinued at the conclusion of the 1984–85 school year.

Immediately after this notification, appellant notified H.I.S.D. that he was fully qualified and would accept a position to teach courses in instrumentation or plant processing within the petrochemical magnet program. During the 1985–86 school year appellant maintained greater seniority than other individuals continuing in the petrochemical magnet program teaching course in instrumentation and plant processing. H.I.S.D. assigned appellant to teach mathematics at Terrell Middle School to the 1985–86 school year. During his first year at Terrell Middle School, appellant received the same salary he had received the previous year in the petrochemical magnet program at Milby High School. During the 1986–87 school year, however, H.I.S.D. reduced appellant's salary.

Dispute exists among the parties regarding whether appellant promptly attempted to appeal his reduction in position and salary within H.I.S.D.'s internal grievance system. Appellant claims that he attempted to appeal his reduction within H.I.S.D. but was not permitted to maintain his grievance. Nevertheless, the record reflects that any attempted grievance was not made to the area superintendent for Milby High School to whom appellant was required to appeal by H.I.S.D. board policy. The policy requires that the initial appeal of a reduction in force be to the successive superior officer of the grieved person's immediate supervisor. Moreover, H.I.S.D. responded to a letter by appellant's representative inquiring into the status of the alleged grievance. This response, which was contained in a letter, stated to appellant's representative that the district was unaware of the grievance and solicited information to determine the existence of the alleged grievance. The record does not reflect any further activity by appellant concerning his grievance, and the issue of whether appellant properly grieved his reduction remains contested.

Appellant filed suit against H.I.S.D. on March 19, 1986, alleging breach of contract for H.I.S.D.'s alleged failure to follow the applicable reduction in force policies. The trial court granted H.I.S.D.'s plea in abatement because of appellant's failure to exhaust his administrative remedies. The trial court subsequently rescinded that order and granted H.I.S.D.'s plea to the jurisdiction for failure of appellant to exhaust his administrative remedies before H.I.S.D. and the State Commissioner of Education.

In point of error two, appellant contends the trial court erred in failing to

grant plaintiff's motion for summary judgment because plaintiff was entitled to summary judgment as a matter of law. Both parties' motions for summary judgment were denied on December 5, 1988. Orders denying summary judgment are not appealable. *Novac v. Stevens*, 596 S.W.2d 848, 849 (Tex.1980). The only exception to this rule is when both parties file motions for summary judgment and the court *grants* one of the motions and overrules the other. *Tobin v. Garcia*, 316 S.W.2d 396, 400 (Tex. 1958); *also see* Tex.R.Civ.P. 749 (allows parties to appeal from final judgments). As a result, appellant's point of error two contesting the trial court's error to grant his motion for summary judgment is not an appealable order.

▮ In point of error one, appellant contends the trial court erred in granting H.I.S.D.'s plea to the jurisdiction. At the onset we note two important factors. First, although defendant requested the statement of facts from the trial court's hearing on the plea to jurisdiction, no statement of facts appears in the record. It is appellant's burden to cause the statement of facts to be filed if needed in their appeal to show error requiring a reversal. Tex. R.App.P. 53(k); Tex.R.App.P. 50(d). In the absence of a statement of facts, we must conclude that all findings of fact required by the trial court were supported by evidence at the hearing. *Ward v. Lubojasky*, 777 S.W.2d 156, 157 (Tex.App.—Houston [14th Dist.] 1989, no writ). Nevertheless, without a statement of facts, an appellate court can consider questions of law. *See Segrest v. Segrest*, 649 S.W.2d 610, 611 (Tex.1983). We also note, secondly, that no findings of fact and conclusions of law appears in the record. In the absence of findings of fact and conclusions of law, all questions of fact will be presumed to have been found in support of the trial court's judgment and the trial court's judgment must be affirmed if it can be upheld on any legal theory pled and supported by the evidence. *Lasiter v. Bliss*, 559 S.W.2d 353, 358 (Tex.1977).

▮ The issue presented in this appeal is whether the trial court was correct in dismissing this suit based on the doctrine of exhaustion of administrative remedies. Both parties concede that appellant's employment contract with H.I.S.D. provided administrative means for employee grievances. However, the parties dispute whether appellant promptly and properly reported his grievance according to the contract. Also, both parties agree that the administrative appeal procedure of the contract must be followed unless there are purely questions of law, in which case immediate resort to the courts is proper. *Grounds v. Tolar Indep. School Dist.*, 707 S.W.2d 889, 892 (Tex.1986); *Benavides Ind. School Dist. v. Guerra*, 681 S.W.2d 246 (Tex.App.—San Antonio 1984, writ ref'd n.r.e.). The primary question in this appeal, therefore, is whether disputed questions of fact exist. If no questions of fact exist, then this court is required to remand this case to the trial court for determination of whether H.I.S.D. breached its contract with appellant when appellant's salary was reduced.

Appellant argues that when H.I.S.D. discontinued appellant's position at Milby High School in its petrochemical magnet program, H.I.S.D.'s contract with appellant required H.I.S.D. to reassign appellant to a position in his same level and teaching area because of his seniority and continuing contract status. Appellant asserts that since he was reassigned to a position to teach mathematics at Terrell Middle School at a lower salary, H.I.S.D. breached its contract as a matter of law. Therefore, appellant contends he is entitled to litigate his claim for breach of contract before the courts without resorting to the administrative procedures of his contract. We disagree.

The relevant portions of the applicable H.I.S.D. administrative procedures concerning reduction in force are as follows:

532.000 *Reduction of Teaching Staff*
If a reduction of staff is necessary because of a decrease in enrollment, budgetary considerations, consolidation of schools, the phasing out of programs, departments or grade levels, or other just cause, such reductions shall occur under the guidelines outlined below:

Definitions

a. Seniority—Total length of continuous service with H.I.S.D.. Seniority shall be district-wide and shall date from the effective date of employment. While time off for approved leaves of absence shall not count for seniority purposes, such leaves shall not be considered as an interruption of continuous service.

b. Contract status—type of contract held, i.e. continuing or probationary. (10-18-79)

c. Teaching area—major duty code designation currently being used by the District.

.        .        .        .        .

532.100  *Order of Reduction of Teaching Staff*

Reductions will occur in the following order: 1) building, 2) teaching area, 3) level, and 4) race toward achieving the exact mathematical district-wide ethnic ratio, at the building subject to the exceptions of section 522.223. For the purpose of teacher contract personnel in the non-school locations, the departmental projects (as designed by project-manning table) will substitute for "building." Reductions shall be based on seniority within employment status, except when the reduction would result in the removal of a teacher of a race which would not move the building percentage toward the exact ethnic district-wide average of the level of instruction. In the event of equal seniority, the Administration shall decide who will be reduced. The contract status, as of the date reduction is to be effective shall prevail. In the order of least to most seniority,

a. Probationary contract teachers will be the first to be reduced.

b. Continuing contract teachers will be the last to be reduced.

The District will make additional adjustment necessary to comply with any current legal requirements of the Texas Education Agency (TEA) directive. (5-15-80) (2-21-85)

532.200  *Procedures for Reduction*

The principal and the area superintendent, with the approval of the appropriate personnel services officer, shall make the decision as to which 1) Building, 2) Teaching Area, 3) Level, and 4) Race must be reduced.

A.  A teacher who is reduced will be assigned to a vacancy within his/her certification and in accordance with the settlement agreement ratio. (2-21-85)

B.  A teacher who is reduced and not assigned to a vacancy within three (3) weeks of the beginning of the next grading period, whichever is shorter, will be assigned to a position held by the teacher with the least seniority in his/her level and teaching area in accordance with the settlement agreement ratio and Texas Education Agency (TEA) directives. (2-21-85)

C.  Teachers who are reduced and cannot qualify for an existing vacancy based on seniority, certification and a settlement agreement ratios will be assigned to a school as an extra teacher as a substitute. When any position becomes available for which a reduced teacher qualifies, he/she will be offered the assignment. (2-21-85)

.        .        .        .        .

Although appellant asserts that H.I.S.D. breached these procedures as a matter of law, the factual findings required to prove that a breach occurred are not supported by the record. There is no dispute that appellant was assigned to teach at Terrell Middle School at a lower salary despite his seniority and continuing contract. However, the record does not indicate why the H.I.S.D. board made this decision or how H.I.S.D. interpreted the pertinent provisions of the contract. This is unlike *Mission Independent School Dist. v. Diserens*, 144 Tex. 107, 188 S.W.2d 568 (Tex. 1945) which appellant cites in support of his position. In that case, the teacher, Diserens, decided to breach her teaching contract by leaving Mission Independent School District and teaching at a different school. It was undisputed between the parties that Diserens breached her contract when she left to teach at a different school. In the present case, whether a breach occurred based on the contract is disputed.

Also, unlike *Houston Fed. of Teachers v. Houston Independent School Distr.*, 730 S.W.2d 644 (Tex.1987), which appellant also cites in support of his position, we do not have the benefit of certain key interpretations by H.I.S.D. to determine if a breach indeed occurred. In *Houston Fed. of Teachers*, a dispute arose when H.I.S.D. decided to extend the school day by 30 minutes. The key policy provision relating to working hours had been interpreted by H.I.S.D.. Therefore, the court found that an administrative hearing would not be required. In our case, there are several undefined provisions which are not clear within the four corners of the contract and require factual inquiry. Article 532.100 provides that "Reductions shall be based on seniority within *employment status* ...". (emphasis added). It is not clear how employment status is determined from the evidence before us and the normal dictionary usage of these terms. Also, there is dispute between the parties as to how 532.200 should be interpreted. Appellant interprets subparts (a) and (b) to require that another teacher with the same level and teaching area be bumped so that he can be assigned to that position. Appellee, on the other hand, interprets these same subparts to mean that another teacher will be bumped only if the reduced employee is not assigned to a vacancy within his certification within three weeks. This dispute reveals that there may be some ambiguity in interpretation of these provision which would require a determination of the Board's intent in adopting the applicable procedures, which is an inherently factual inquiry. Unlike the cases appellant cites which give basis for avoiding the administrative proceedings, we find no basis for doing so in the present case. *See Benavides Ind. School Dist. v. Guerra*, 681 S.W.2d 246 (Tex.App.—San Antonio, 1984, writ ref'd, n.r.e.) (Guerra followed all of the administrative grievance procedures mandated except for a *discretionary* appeal to the commissioner of education. Therefore, the Benavides Independent School District already had an opportunity to make findings as to Guerra's challenge to B.I.S.D.'s contract which assigned him to a different position) (emphasis added); *Cook v. Neill*, 163 Tex. 49, 59, 352 S.W.2d 258, 264 (1961) (appeal of the enforceability of order to annex two school districts to Big Spring Independent School District could be decided by court because *allowed by Article 2686*) (emphasis added). Appellant's point of error one is overruled.

Accordingly, we affirm the trial court's judgment.