Opinion issued April 6, 2006



     












In The
Court of Appeals
For The
First District of Texas




NO. 01–05–01064–CV




WALLER COUNTY, TEXAS, Appellant

V.

MICHAEL CURTIS, Appellee




On Appeal from the 9th District Court
Waller County, Texas
Trial Court Cause No. 02–09–16543




MEMORANDUM OPINION

          Michael Curtis, appellee, brought suit against Waller County, Texas, appellant,
in 2002, alleging breach of contract. Waller County filed a plea to the jurisdiction,
which the trial court denied. Waller County subsequently filed a motion for summary
judgment, which the trial court also denied. After the case was placed on the
dismissal docket and then removed, Waller County again filed a plea to the
jurisdiction. The trial court denied the plea, and Waller County filed this
interlocutory appeal.
          In its sole point of error, Waller County argues that the trial court erred in
denying its plea to the jurisdiction. Specifically, Waller County argues that the trial
court lacks subject-matter jurisdiction because the county’s immunity from suit was
not waived.
          We reverse and render.
Background
          In 2000, Waller County placed an advertisement in a local paper, requesting
bids for hauling asphalt. Curtis submitted his bid. After the bids were opened, Curtis
was awarded the contract. Subsequently, the county auditor realized that Curtis’s bid
did not comply with the bidding requirements. The County Commissioners Court
decided to rescind the award to Curtis and to award it instead to another bidder. 
Curtis brought suit, alleging in his claim of damages that he had assembled a work
crew and had contracted to purchase another truck to perform the work.

Sovereign Immunity
          In its sole point of error, Waller County argues that the trial court erred in
denying their plea to the jurisdiction based on Waller County’s claim of sovereign
immunity.
A.     Standard of Review
           A plea to the jurisdiction challenges the trial court’s subject-matter jurisdiction
to hear the case. Bland Indep. Sch. Dist. v. Blue, 34 S.W.3d 547, 554 (Tex. 2000);
Pineda v. City of Houston, 175 S.W.3d 276, 279 (Tex. App.—Houston [1st Dist.]
2004, no pet.). Subject-matter jurisdiction is essential to the authority of a court to
decide a case and is never presumed. Tex. Ass’n of Bus. v. Tex. Air Control Bd., 852
S.W.2d 440, 443–44 (Tex. 1993). The plaintiff has the burden to allege facts
affirmatively demonstrating that the trial court has subject-matter jurisdiction. Id. at
446; Richardson v. First Nat’l Life Ins. Co., 419 S.W.2d 836, 839 (Tex. 1967).
          The existence of subject-matter jurisdiction is a question of law. State Dep’t
of Highways & Pub. Transp. v. Gonzalez, 82 S.W.3d 322, 327 (Tex. 2002); Mayhew
v. Town of Sunnyvale, 964 S.W.2d 922, 928 (Tex. 1998). Therefore, we review de
novo the trial court’s ruling on a plea to the jurisdiction. Mayhew, 964 S.W.2d at
928. In deciding a plea to the jurisdiction, a court may not consider the merits of the
case, but only the plaintiff’s pleadings and the evidence pertinent to the jurisdictional
inquiry. County of Cameron v. Brown, 80 S.W.3d 549, 555 (Tex. 2002).
B.      Analysis
          Under the principle of sovereign immunity, the State is protected from suit
unless the immunity is waived. Gen. Servs. Comm’n v. Little-Tex Insulation Co., Inc.,
39 S.W.3d 591, 594 (Tex. 2001). The State’s protection from suit extends to
counties. Travis County. v. Pelzel & Assocs., Inc., 77 S.W.3d 246, 248 (Tex. 2002). 
There are two distinct components to sovereign immunity: (1) immunity from suit and
(2) immunity from liability. Federal Sign v. Texas S. Univ., 951 S.W.2d 401, 405
(Tex. 1997).
          “Immunity from suit bars a suit against the State unless the State expressly
gives its consent to the suit . . . . The State may consent to suit by statute or by
legislative resolution.” Id. Legislative waiver of immunity from suit must be by clear
and unambiguous language. Id. (quoting Univ. of Texas Med. Branch at Galveston
v. York, 871 S.W.2d 175, 177 (Tex. 1994)).
          Immunity from liability protects the State unless the State acknowledges
liability. Federal Sign, 951 S.W.2d at 405. When the State contracts with a private
party, it waives immunity from liability. Catalina Development, Inc. v. County of El
Paso, 121 S.W.3d 704, 705 (Tex. 2003). However, waiver of immunity from liability
does not waive immunity from suit. Little-Tex Insulation, 39 S.W.3d at 594. 
          Assuming without deciding that a contract was formed between Waller County
and Curtis—waiving immunity from liability, there is no evidence that immunity from
suit was ever waived. Curtis does not cite any statute waiving Waller County’s
immunity from suit for his breach of contract claim. Nor was there evidence
presented of a legislative resolution waiving immunity from suit.
          Curtis has filed with this court “Appellee’s Advisory Regarding Brief” (the
“Advisory”), in which he informs the court that he has chosen not to respond to
Waller County’s brief and relies on his “arguments made in the courts below.” 
However, Curtis also asserts in the Advisory that Waller County has waived its
immunity through its conduct by soliciting private bids for a contract with the county.
          The Texas Supreme Court has suggested that immunity from suit could be
waived by the State’s conduct. Federal Sign, 951 S.W.2d at 408 n.1. However, it has
also held that acts that “constitute nothing more than acts of contract formation” do
not waive immunity from suit. Catalina Development, 121 S.W.3d at 706. In
Catalina Development, El Paso County “solicited bids for purchasing a parcel of land,
accepted the highest bid, deposited the tendered earnest money, and sent the
purported buyer a warranty deed and affidavit to be used to close the transaction.” 
Id. at 704. However, before the county signed the deed, newly elected commissioners
took their position on the commissioners court and refused to approve the sale. Id. 
The Texas Supreme Court held that the county’s actions—including soliciting bids
in the local paper—“are the kind that are necessary and expected during contract
formation.” Id. at 706. In this case, Waller County’s actions were also “the kind that
are necessary and expected during contract formation.” Therefore, it did not waive
immunity by soliciting bids. 
          In its response to Waller County’s second plea to the jurisdiction, Curtis
asserted that Waller County waived its immunity because of the sue-and-be-sued
language in the county’s charter. However, Curtis did not provide evidence of the
county’s charter to the trial court. As this argument is unsupported by the record, it
could not have been a basis for the trial court’s denial of the plea to the jurisdiction. 
See Caramanian v. Houston Indep. School Dist., 829 S.W.2d 814, 816 (Tex.
App.—Houston [14th Dist.] 1992, no writ) (holding trial court’s ruling must be
affirmed if it is supported by evidence).
          Because there is no evidence of the legislature waiving immunity from suit by
statute or by resolution, and because Waller County did not waive immunity from suit
by its conduct, we hold that Curtis is barred from bringing suit against Waller County.
          We sustain appellant’s sole point of error.

Conclusion
          We reverse the trial court’s order denying Waller County’s plea to the
jurisdiction and render judgment that the County’s plea to the jurisdiction be
sustained and that Curtis’s suit against Waller County be dismissed.
 
                                                                        Laura Carter Higley
                                                                        Justice

Panel consists of Justices Taft, Higley, and Bland.