**Affirmed and Memorandum Opinion filed November 3, 2011.**



**In The**

# Fourteenth Court of Appeals

_____

**NO. 14-10-00964-CV**

_____

**IN THE INTEREST OF
E.M.W., JR., M.J.W, AND I.W.,
CHILDREN**

**On Appeal from the 306th Judicial District Court
Galveston County, Texas
Trial Court Cause No. 99FD2411**

## MEMORANDUM OPINION

This is an appeal from an order modifying the parent-child relationship. Appellant is the mother of the minor children at issue in the order. Appellant appeared throughout these proceedings pro se. On appeal, appellant argues that the trial court abused its discretion by refusing to grant her motion for new trial and by modifying the parent-child relationship. We affirm.

## BACKGROUND

Appellee, the paternal grandmother of the minor children at issue in this order, filed an emergency petition to modify the parent-child relationship on December 22, 2009. After examining appellee's pleadings, the trial court granted appellee a temporary restraining order against appellant. On February 2, 2010, the trial court conducted a hearing on temporary orders and noted that while appellant had been duly cited, she failed to appear. At that hearing, the trial court appointed appellee temporary sole managing conservator.

Appellant filed an answer to the petition on March 8, 2010, asserting that appellee did not have "standing to sue." On May 24, 2010, the trial court filed its docket control order setting, among other things, the date of the final hearing for July 21, 2010 at 1:30 P.M. Appellee's counsel sent notice of the hearing to appellant on June 1, 2010 by certified mail, return receipt requested. One of the documents sent to appellant was the docket control order.

The order modifying the parent-child relationship ("Order") was signed by the trial court on August 20, 2010. It noted that a hearing was conducted on July 21, 2010 and that appellant, although "duly and properly served with notice of the Trial Setting, failed to appear and wholly made default." The trial court also noted that a "record of testimony" was made, although no such record was filed with this Court.

Appellant filed a motion for new trial on August 19, 2010. In its substantive portion, the motion states:

> COMES NOW [appellant] . . . requests this honorable Court grant [appellant] a new trial in the above style case. In support of her request, [appellant] offers the following:
>
> > 1. On July 16, 2010 and July 2l, 2010 a judgement [sic] was signed by this Court in this case.
> >
> > 2. A new trial should be granted to [appellant] because the evidence is legally and factually insufficient to support this Court's judgment.

[Appellant] was unable to properly present her case. The above errors amounted to such a denial of [appellant's] rights as was reasonably calculated to cause and probably did cause rendition of an improper judgement [sic] in the case. Tex. R. App. P. 44.l (a)(1).

3. [Appellant] has a meritorious defense to the cause of action alleged in this case.

4. The granting of a new trial will not injure [appellee].

5. Justice will not be properly served unless a new trial is granted.

WHEREFORE [appellant] prays that the Court set aside the judgement [sic] signed on July 16, 2010 and on July 21, 2010 and grant a new trial.[1]

The trial court conducted a hearing on the motion for new trial on September 3, 2010.[2] There is neither an order nor a transcript from this hearing in the record on appeal. Based on this record, it appears that the motion for new trial was overruled by operation of law.

## ANALYSIS

Appellant presents two issues on appeal. First, she argues that the trial court abused its discretion in denying her motion for new trial. Next, she contends that the trial court abused its discretion in modifying the parent-child relationship.

### I.   Motion for New Trial

We review the denial of a motion for new trial for an abuse of discretion. *Dolgencorp of Tex., Inc. v. Lerma*, 288 S.W.3d 922, 926 (Tex. 2009). A post-answer default judgment occurs when a defendant has answered but fails to appear for trial. *Id.* at 925. A default judgment should be set aside if the defaulting party establishes that (1) the

---

[1] There is nothing in the record to indicate that a judgment was signed on either July 16 or July 21, 2010. The only "judgment" in the record is the "Order in Suit to Modify Parent-Child Relationship," which was signed on August 20, 2010.

[2] The only indication within the record that this hearing took place is the appellant's notice of appeal. The notice of appeal states that appellant "[a]ppeals from the Judgment entered herein on SEPTEMBER 03, 2010 …." Additionally, both parties acknowledge in their briefs that a hearing was conducted on the motion for new trial on September 3, 2010.

3

failure to appear was not intentional or the result or conscious indifference, but instead was by accident or mistake; (2) the motion for new trial sets forth a meritorious defense; and (3) granting the motion will not cause delay or otherwise injure the plaintiff. *Craddock v. Sunshine Bus Lines, Inc.*, 134 Tex. 388, 133 S.W.2d 124, 126 (1939). This standard applies to post-answer default judgments. *Ivy v. Carrell*, 407 S.W.2d 212, 213 (Tex. 1966). If a defaulting party moves for new trial and establishes all three elements of the *Craddock* test, then a trial court abuses its discretion if it fails to grant a new trial. *Dolgencorp of Tex., Inc.*, 288 S.W.3d at 922 (citing *Old Republic Ins. Co. v. Scott*, 873 S.W.2d 381, 382 (Tex. 1994)).

Appellant has the burden to show that the failure to appear was not intentional or the result of conscious indifference. *See In re R.R.*, 209 S.W.3d 112, 115 (Tex. 2006). This burden is met when appellant's factual assertions, if true, negate intentional or consciously indifferent conduct, and those factual assertions are not contradicted by appellee. *Id.* In evaluating whether this element has been established, we look to all of the evidence in the record. *Id.* (citing *Director, State Emps. Workers' Comp. Div. v. Evans*, 889 S.W.2d 266, 269 (Tex. 1994)).

On appeal, we may consider only the evidence contained in the record. *See Sabine Offshore Serv., Inc. v. City of Port Arthur*, 595 S.W.2d 840, 841 (Tex. 1979). "The appellate record consists of the clerk's record and, if necessary to the appeal, the reporter's record." Tex. R. App. P. 34.1. It is appellant's burden to cause the reporter's record to be filed if it is needed to show reversible error. *Caramanian v. Houston Indep. Sch. Dist.*, 829 S.W.2d 814, 816 (Tex. App.—Houston [14th Dist.] 1992, no writ.) (putting burden on appellant to file *statement of facts*); *see also* Tex. R. App. P. 34 ("Comment to 1997 change: … *reporter's record* is substituted for *statement of facts* throughout the rules.").

In her motion for new trial, appellant did not indicate why she did not appear at trial. In her brief, appellant asserts that her failure to appear at the July 21, 2010 trial was the

result of her getting "the dates wrong," and that her failure was "not on purpose." On appeal, she argues that she made those assertions at the hearing on the motion for new trial. Unfortunately, the reporter's record of that hearing, if any exists, was not included in the record on appeal. It was appellant's burden to file the reporter's record if she wanted this Court to consider the assertions made at the hearing on the motion for new trial. *See Caramanian*, 829 S.W.2d at 816. The trial court did not issue a written order ruling on the motion for new trial; therefore, the motion for new trial was overruled by operation of law on the seventy-fifth day after the judgment was signed. *See* Tex. R. Civ. P. 329b(c).

On this record, appellant did not establish that her failure to appear was a result of accident or mistake. *See Craddock*, 133 S.W.2d at 126; *In re R.R.*, 209 S.W.3d at 115. Since appellant failed to carry her burden in establishing the first element of the *Craddock* test, the trial court did not abuse its discretion in failing to grant appellant a new trial. *See Dolgencorp of Tex., Inc.*, 288 S.W.3d at 296.

We overrule appellant's first issue presented.

## II.    Modification of the Parent-Child Relationship

In appellant's second issue, she presents two arguments challenging the Order issued by the trial court. First, she contends that the evidence is legally and factually insufficient to uphold the Order. Next, she contends that the "rebuttable presumption that the custody rights of a grandparent are not in the best interest of a minor child if the . . . parent agrees that the grandparent should not be granted custody rights," was not sufficiently rebutted.

5

### A. Standard of Review

A trial court has broad discretion to decide the best interest of a child in family law matters such as custody, visitation, and possession. *In re R.T.K.*, 324 S.W.3d 896, 899 (Tex. App.—Houston [14th Dist.] 2010, pet. denied). We review an order to modify the parent-child relationship for an abuse of discretion. *In re J.A.J.*, 243 S.W.3d 611, 616 (Tex. 2007). A trial court abuses its discretion by acting arbitrarily, unreasonably, or without reference to any guiding rules or principles. *Swaab v. Swaab*, 282 S.W.3d 519, 524 (Tex. App.—Houston [14th Dist.] 2008, pet. dism'd w.o.j.).

We reiterate that on appeal we may consider only the evidence contained in the record. *See Sabine Offshore Serv., Inc.*, 595 S.W.2d at 841. It is appellant's burden to cause the reporter's record to be filed if it is needed on appeal to show reversible error. *Caramanian*, 829 S.W.2d at 816. In the absence of a reporter's record, we must conclude that all findings made by the trial court were supported by evidence at the hearing. *Id.*; *see also Bryant v. United Shortline Inc. Assur. Servs., N.A.*, 972 S.W.2d 26, 31 (Tex. 1998) ("We indulge every presumption in favor of the trial court's findings in the absence of a statement of facts."). A pro se litigant is held to the same standard as a licensed attorney and must comply with applicable laws and rules of procedure. *Wheeler v. Green*, 157 S.W.3d 439, 444 (Tex. 2005).

### B. Sufficiency of the Evidence

In her first argument, appellant asserts that the evidence was legally and factually insufficient to support the Order.

Under an abuse of discretion standard of review, legal and factual sufficiency complaints are not independent grounds of error, but are relevant factors in assessing whether there was an abuse of discretion. *In re R.T.K.*, 324 S.W.3d at 900; *Baltzer v.*

*Medina*, 240 S.W.3d 469, 475 (Tex. App.—Houston [14th Dist.] 2007, no pet.). A trial court does not abuse its discretion if there is some evidence of a substantive and probative character to support its decision. *In re R.T.K.*, 324 S.W.3d at 900. In a post-answer default, a judgment cannot be entered on the pleadings. *Stoner v. Thompson*, 578 S.W.2d 679, 682 (Tex. 1979). In such a case, the plaintiff must offer evidence and prove his or her case as in a judgment upon a trial. *Id.*

In the Order, the trial court noted that a hearing was conducted, and a court reporter was present to transcribe the hearing and testimony given. The Order stated that it found "the material allegations in the petition to modify . . . true and that the requested modification is in the best interest of the children." Since this is a post-answer default, appellee was required to proffer evidence to support the contentions in her pleadings. *See Stoner*, 578 S.W.2d at 682. However, the burden was on appellant to have the reporter's record filed with this Court. *See Caramanian*, 829 S.W.2d at 816. Since there is no reporter's record within the appellate record, we must conclude that all findings required by the trial court were supported by evidence at the hearing. *See id.* Therefore, the evidence was legally and factually sufficient to uphold the Order. *See In re R.T.K.*, 324 S.W.3d at 900.

## C. The "Rebuttable Presumption"

In her second argument, appellant asserts there is a rebuttable presumption that "custody rights of a grandparent are not in the best interest of a minor child" over a parent's objections, citing *Troxel v. Granville*, 530 U.S. 57, 120 S. Ct. 2054 (2000). However, *Troxel* does not enunciate any such rebuttable presumption. It merely restated the presumption that a fit parent acts in the best interest of his or her child. *Id.* at 69.

This appeal is fundamentally different from *Troxel*. In *Troxel* there were no allegations that the parent in that case was unfit. *Id.* at 68. Here, the petition to modify

directly impugns appellant's fitness as a parent. The trial court found the material allegations within the petition to be true and appointed appellee the sole managing conservator of the children. *Troxel* is not controlling authority.

There is a rebuttable presumption that the appointment of a parent as sole managing conservator is in the best interest of the child. *See* Tex. Fam. Code Ann. § 153.131(b) (West 2008) ("rebuttable presumption that the appointment of the parents of a child as joint managing conservators is in the best interest of the child."). We will assume without deciding that this presumption applies. A finding of a history of family violence involving the parents of the child removes this presumption. *Id.* Since appellant failed to file a reporter's record, we must conclude that all findings required by the trial court were supported by evidence at the hearing. *See Caramanian*, 829 S.W.2d at 816. This would include a finding of a history of family violence involving the parents of the child. *See id.* We overrule appellant's second argument.

We overrule appellant's second issue having found that (1) all findings required by the trial court were supported by sufficient evidence; and (2) *Troxel* is not controlling. On the record before us, we find the trial court did not abuse its discretion in modifying the parent-child relationship. *See In re J.A.J.*, 243 S.W.3d at 616.

## CONCLUSION

Having overruled both of appellant's issues, we affirm the judgment of the trial court.

/s/    Adele Hedges
        Chief Justice

Panel consists of Chief Justice Hedges, and Justices Anderson and Christopher.