**Affirmed and Memorandum Opinion filed December 1, 2011.**



In The

# Fourteenth Court of Appeals

_____

## NO. 14-10-01255-CV

_____

**APPROXIMATELY $1,013.00 AND ONE 2005 TOYOTA COROLLA, Appellants**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 234th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2009-26697**

## MEMORANDUM OPINION

This is an appeal from a final judgment to seize contraband. *See* TEX. CODE CRIM. PROC. ANN. arts. 59.01–59.14 (West 2006 & Supp. 2011). Appellants[1] Aaron Shankle and Mona Morris contend that the trial court abused its discretion in denying their motion for continuance and erred in deeming admitted certain requests for admissions that they failed to timely answer. Because we hold that appellants failed to preserve their first issue and the trial court correctly deemed the requests admitted, we affirm.

---

[1] *See* TEX. R. APP. P. 3.1(a) ("*Appellant* means a party taking an appeal to an appellate court.").

## I. FACTUAL AND PROCEDURAL BACKGROUND

On April 2, 2009, the Webster Police Department deployed a canine unit to an apartment complex after receiving a tip that Shankle was selling drugs out of the apartments. The police were also tipped that Shankle drove a red Toyota, and they found a vehicle matching that description in the parking lot of the apartment complex. When they took their dog near the Toyota, the dog "alerted" them to the driver-side door. A few minutes later, Shankle got into the car. Based on the dog's alert, the officers conducted a search of the vehicle and found fourteen grams of marijuana in the center console, loose marijuana throughout the vehicle, and a box of clear plastic bags commonly used in packaging marijuana. The officers arrested Shankle for possession of marijuana. The arresting officer conducted a search incident to the arrest and discovered $1,013.00 in cash in Shankle's front pocket.

On April 29, 2009, the State filed a notice of seizure and intended-forfeiture, designating Shankle as respondent and Morris—Shankle's mother and the registered owner of the Toyota—as co-respondent. On February 8, 2010, the trial court filed its docket-control order, which set April 26, 2010 as the final day for pre-trial discovery and September 20, 2010, at 1:30 p.m., as the trial setting. On April 26, 2010, the State filed a certificate of written discovery in the trial court. In it, the State certified that it had served Morris with requests for admissions that day. The State also produced a certified-mail return receipt, date-stamped April 26, 2010, for discovery it had served upon Morris. The State did not file a certificate of written discovery with regard to Shankle, and the copy in this appeal of the return receipt for discovery served upon Shankle has an illegible date stamp. On June 3, 2010, Morris objected to the "late tendered request for admissions and discovery requests," alleging that the discovery was untimely because it arrived on April 27, 2010, "one day after the discovery period had run." On June 25, 2010, appellants filed a certificate of written discovery. In it, appellants certified that their responses to the State's discovery requests were faxed and mailed to the State four days earlier.

2

On September 20, 2010, trial was held as scheduled and the trial court entered a final judgment in the matter. Appellants did not appear for trial. The trial court specifically found that the State had served discovery requests on appellants on April 26, 2010. The trial court further concluded that appellants' responses to the State's requests were untimely and therefore deemed the State's requests admitted.[2] Because of the deemed admissions, the trial court concluded that the seized property was contraband subject to forfeiture. That evening, after the trial was over, appellants filed a motion for continuance in which they represented that their trial counsel could not appear because he had been required to attend another trial. On September 30, 2010, appellants filed a motion for new trial. The motion for new trial was overruled by operation of law.[3]

## II. QUESTIONS PRESENTED

Appellants contend that the trial court abused its discretion by (1) denying their motion for continuance and (2) deeming admitted the State's unanswered discovery requests.

## III. ANALYSIS

### A. Denial of Motion for Continuance

Appellants first argue that the trial court abused its discretion in denying their post-trial motion for continuance. Generally, the denial of a motion for continuance is reviewed for an abuse of discretion. *Joe v. Two Thirty Nine Joint Venture*, 145 S.W.3d 150, 161 (Tex. 2004). A trial court, however, is not required to consider a motion that is not brought to its attention. *In re Smith*, 263 S.W.3d 93, 96 (Tex. App.—Houston [1st Dist.] 2006, orig. proceeding); *Metzger v. Sebek*, 892 S.W.2d 20, 49 (Tex. App.—Houston

---

[2] *See* TEX. R. CIV. P. 198(c) (if response to request for admissions is not timely served, the request is considered admitted without court order).

[3] *See id.* 329b(c); *see also* TEX. R. APP. P. 33.1(b) ("In a civil case, the overruling by operation of law of a motion for new trial or a motion to modify the judgment preserves for appellate review a complaint properly made in the motion . . . .").

[1st Dist.] 1994, writ denied). Showing that a motion was filed with the court clerk does not constitute proof that the motion was brought to the trial court's attention or presented to the trial court with a request for a ruling. *Smith*, 263 S.W.3d at 96; *see also Quintana v. CrossFit Dallas, L.L.C.*, 347 S.W.3d 445, 449 (Tex. App.—Dallas 2011, no pet.) (filing of motion for continuance was insufficient to bring the motion to the attention of the trial court); *Yazdchi v. Walker*, No. 01-05-00177-CV, 2009 WL 1270395, at *2 (Tex. App.—Houston [1st Dist.] May 7, 2009, pet. denied) (mem. op.) ("The motion for continuance does not show a file stamp, nor does it otherwise show that it was filed and presented to the trial court before summary judgment was granted[.]")

The trial court's docket-control order stated that trial was to begin at 1:30 p.m. on September 20, 2010. Neither appellants nor their counsel appeared at trial. The trial date was never changed, nor does the record show that appellants ever requested such a change until after trial. Appellants requested a continuance because their counsel was entering his fifth day of trial in another court, but—despite their counsel's knowledge of the scheduling conflict—they did not file their motion for continuance until 6:01 p.m. on September 20, several hours after trial had concluded. The trial court's final judgment does not mention appellants' motion for continuance.

Appellants state that they moved for a continuance "[p]rior to the trial setting." While the motion was filed on the day of trial, it is time-stamped 6:01 p.m.; trial was set for 1:30 p.m. The record thus shows that the motion was filed after the trial setting. Appellants contend that the motion was "brought to the trial court's attention," but cite nothing in the record to support this assertion. Additionally, appellants do not detail when or how the motion was brought to the attention of the trial court; they merely claim that it was.

Because the record does not show that the motion for continuance was filed and brought to the attention of the trial court before the final judgment was rendered, appellants have failed to preserve error. *See* TEX. R. APP. P. 33.1(a); *Smith*, 263 S.W.3d at 96.

Accordingly, we overrule appellants' first issue.

**(B.)    Unanswered Requests for Admissions**

Appellants next argue that the trial court abused its discretion in deeming admitted the State's unanswered requests for admissions.   They contend that (1) the State tendered the requests after the end of the discovery period set in the trial court's docket-control order; and (2) although the final judgment recites that the discovery was received by appellants' counsel on April 26, 2010, the return receipt for the discovery was time-stamped April 27, 2010—the day after the discovery period expired.

The resolution of fact issues is within the sound discretion of the trial court. *Walker v. Packer*, 827 S.W.2d 833, 839 (Tex. 1992). However, the trial court's determination of the legal principles controlling its ruling is much less deferential.   *Id.* at 840.   "A trial court has no 'discretion' in . . . applying the law to the facts."   *Id.*; *see also Univ. of Tex. Health Sci. Ctr. at Houston v. Gutierrez*, 237 S.W.3d 869, 871 n.1 (Tex. App.—Houston [1st Dist.] 2007, pet. denied) (applying de novo standard of review in determining whether one of the parties was served in accordance with the Texas Civil Practice and Remedies Code); *Buck v. Blum*, 130 S.W.3d 285, 290 (Tex. App.—Houston [14th Dist.] 2004, no pet.) ("[T]o the extent resolution of this issue requires interpretation of the statute itself, we review under a de novo standard.").

In a bench trial, the trial court's findings of fact have the same weight as a jury's verdict.   *Catalina v. Blasdel*, 881 S.W.2d 295, 297 (Tex. 1994).   An appellate court may consider findings of fact recited in the judgment unless supplanted by separate findings. *Daybreak Express, Inc. v. Lexington Ins. Co.*, 342 S.W.3d 795, 799 n.1 (Tex. App.—Houston [14th Dist.] 2011, pet. filed) (citing *In re C.A.B.*, 289 S.W.3d 874, 880–81 (Tex. App.—Houston [14th Dist.] 2009, no pet.)).   On appeal, we may consider only the evidence contained in the record.   *See Sabine Offshore Serv., Inc. v. City of Port Arthur*, 595 S.W.2d 840, 841 (Tex. 1979). "The appellate record consists of the clerk's record and, if necessary to the appeal, the reporter's record."   TEX. R. APP. P. 34.1.   It is an

5

appellant's burden to cause the reporter's record to be filed if it is needed to show reversible error. *Caramanian v. Houston Indep. Sch. Dist.*, 829 S.W.2d 814, 816 (Tex. App.—Houston [14th Dist.] 1992, no writ) (putting burden on appellant to file statement of facts). In the absence of a reporter's record, we must conclude that all findings made by the trial court were supported by evidence at the hearing. *Id*. at 816; *see Bryant v. United Shortline Inc. Assurance Servs., N.A.*, 972 S.W.2d 26, 31 (Tex. 1998) ("We indulge every presumption in favor of the trial court's findings in the absence of a statement of facts.").

Appellants first argue that the State tendered its requests for admissions outside of the discovery period. Because of this late tender, appellants argue that the trial court should not have considered the discovery in rendering its final judgment. Whether discovery was timely served is a question involving the application of law to fact, so we review the trial court's determinations de novo. *See Walker*, 827 S.W.2d at 840. However, the trial court's findings of fact will not be disturbed unless there is no evidence to support the findings within the record or the contrary is established as a matter of law. *See McGalliard*, 722 S.W.2d at 696. Because the trial court did not issue separate findings of fact, we consider those fact findings within the judgment. *See Daybreak Express*, 342 S.W.3d at 799 n.1. Additionally, because appellants failed to file a reporter's record, we must conclude that all findings made by the trial court were supported by evidence at the hearing. *See Caramanian*, 829 S.W.2d at 816; *Bryant*, 972 S.W.2d at 31.

Texas Rule of Civil Procedure 21a lists various methods that must be used to serve a party with documents and motions. *See* TEX. R. CIV. P. 21a. One method of serving discovery requests is accomplished by delivering the requests to the party's attorney of record by certified or registered mail. *See id*. Service by mail is complete upon mailing; the date of *receipt* of the certified mail is unimportant. *See id*. ("Service by mail shall be complete upon deposit of the paper . . . in a post office or official depository under the care

6

and custody of the United States Postal Service."); *see also Amaya v. Enriquez*, 296 S.W.3d 781, 784 (Tex. App.—El Paso 2009, pet. denied) ("Service by mail is complete and the party is considered served on the date the document is mailed."). For purposes of calculating the date of service for certified mail, therefore, the date on which the mail was deposited with the United States Postal Service is dispositive. The State certified to the trial court that it "served" Morris on April 26, 2010. Additionally, the return receipt was date-stamped April 26, 2010. While the date stamp for the discovery served on Shankle is illegible, the trial court specifically found that Shankle was served on April 26, 2010. Since no reporter's record was filed with this court, we presume that the evidence presented at trial established that the requests for discovery were timely served on Shankle. *See Caramanian*, 829 S.W.2d at 816.

Appellants next argue that the trial court erred in deeming the State's requests admitted because "the [f]inal [j]udgment recites that the discovery was received by Appellants' counsel on April 26, 2010," when it was actually received on April 27, 2010. However, the final judgment does not state when discovery was "received" by appellants; rather, it recites that the requests for admissions were *served* upon them. The trial court did not err in finding that the State's requests were served within the discovery period. We overrule appellants' second issue.

## IV. CONCLUSION

Because appellants failed to bring their motion for continuance to the trial court's attention and the State's discovery was timely served, we affirm the trial court's judgment.

/s/      Tracy Christopher
Justice

Panel consists of Chief Justices Hedges, Justices Anderson and Christopher.

7