# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-18-00245-CV

**Texas Commissioner of Education and
Mission Consolidated Independent School District, Appellants**

**v.**

**Dr. Maria Solis, Appellee**

---

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 353RD JUDICIAL DISTRICT
### NO. D-1-GN-14-004486, HONORABLE DARLENE BYRNE, JUDGE PRESIDING

---

## O P I N I O N[1]

This case involves the intersection of the concepts of jurisdiction and waiver as they relate to appeals to the Texas Commissioner of Education. The Texas Commissioner of Education and Mission Consolidated Independent School District appeal the trial court's judgment reversing the Commissioner's decision to dismiss for lack of jurisdiction an administrative appeal brought by Dr. Maria Solis in which she challenged the nonrenewal of her employment contract with Mission Consolidated Independent School District. Because we conclude that the Commissioner had jurisdiction over Solis's appeal, we will affirm the trial court's judgment.

---

[1] Notice of appeal for this case was originally filed in this Court in July 2016, at which time the case was transferred to the El Paso Court of Appeals in compliance with a docket-equalization order issued by the Texas Supreme Court. On April 12, 2018, the Texas Supreme Court ordered that certain cases be transferred back to this Court from the El Paso Court, and we consider this appeal pursuant to that order. *See* Misc. Docket No. 18-9054 (Tex. Apr. 12, 2018) (per curiam).

## BACKGROUND

Solis and the District entered into an employment agreement for the period beginning July 19, 2012 and ending June 28, 2013. The agreement provided that "[t]he Superintendent or designee shall determine the work performed or assigned for the period of employment." The agreement also provided, in pertinent part:

> This agreement shall be renewed only by vote of the Board and written notice to the Employee of that action. If the Board does not act prior to the expiration of the agreement, the agreement shall not continue in force, and employment shall cease on the last day of the term set out in this agreement. This agreement is not a "term contract" subject to the provisions of Subchapter E, Chapter 21, of the Texas Education Code. No right to tenure or any other contractual obligation or other expectancy of continued employment or claims of entitlement is created beyond the agreement term.

> This agreement is subject to all applicable federal and state laws, rules, and regulations. Invalidity of any portion of this agreement under the laws of the State of Texas or of the United States shall not affect the validity of the remainder of the agreement.

Solis was initially assigned to work as the school district's Executive Director for State and Federal Programs. Two months later, however, Solis was reassigned to serve as an assistant principal at Alton Memorial Junior High School.

In March 2013, Solis filed a grievance in which she complained that the Board of Trustees took no action at its March 2013 meeting "on [her] 2013-2014 Contract/Employment Agreement." Among other relief, Solis sought to have the Superintendent "recommend [Solis] to the Board of Trustees for Approval of [her] 2013-2014 Contract/Employment Agreement." MCISD understood Solis's complaint to be about "the expiration of [her] contract" without renewal for the year 2013-2014. In the letter responding to and denying the grievance, MCISD's Assistant Superintendent for Human Resources stated, in part:

> Having reviewed your grievance, I find that it fails to allege any violation of law or policy. To begin, you do not have a "2013-2014 Contract/Employment Agreement." Your repeated references to "my 2013-2014 Contract/Employment Agreement" imply that you have a contractual right to employment for the 2013-2014 school year. You do not.
>
> When you accepted employment at MCISD pursuant to your current contract, you agreed that the contract would expire on June 28, 2013. That is precisely what is set to occur. MCISD is not taking any action to terminate your contract. Rather, MCISD is honoring the terms of the contract to the fullest extent. You have not cited any provision in law or policy that requires MCISD to offer you a contract for the 2013-2014 school year.
>
> • • • •
>
> Your counsel also alleged that, "the failure to give direction to [your] principal in regards to recommending or not recommending [you] for renewal and extension of [your] contract" is a "direct violation" of "both state and federal law, as well as the Board's own policy, in regards to discrimination." This is a vague assertion and you have not asserted any facts to support it. Nor have you cited any law that requires the Superintendent to direct any principal as you describe. Furthermore, your argument acknowledges that the Superintendent has not taken any action regarding your contract.

Solis appealed that decision to the MCISD Board of Trustees. In her appeal to the Board, Solis stated that she was "requesting that the Board of Trustees review the Superintendent's decision 'not to take action' on [her] 2013-2014 Contract/Employment Agreement." Solis also stated: "I disagree with the entire response [to the grievance] provided due to the fact that there was no basis for 'no action taken.'" Solis maintained that the Superintendent's decision "not to take any action" constituted retaliation for her having previously filed a grievance against him. Among other relief, Solis again sought to have the Superintendent recommend her to the Board of Trustees for approval of "[her] 2013-2014 Contract/Employment Agreement." After a hearing held on June 12, 2013, the Board upheld the Superintendent's decision. Solis was not employed by MCISD for the following school year.

3

Solis then filed a petition for review with the Commissioner of Education. *See* Tex. Educ. Code § 21.209 (teacher who is aggrieved by decision of board of trustees on nonrenewal of teacher's term contract may appeal to commissioner for review of decision of board of trustees in accordance with provisions of sections 21.301 through 21.307). Solis alleged that because state law and MCISD's own policies required that assistant principals be employed under a term contract, when she was reassigned from the Executive Director position to the Assistant Principal position, her employment contract became a de facto term contract subject to the Texas Term Contract Nonrenewal Act. *See* Tex. Educ. Code §§ 21.201-.213 (TCNA). Solis alleged that, as a consequence, she was entitled to notice of the nonrenewal of her contract pursuant to TCNA section 21.206 and, when MCISD failed to provide such notice, she was entitled to employment with MCISD for an additional year. *See id.* § 21.206(a) ("Not later than the 10th day before the last day of instruction in a school year, the board of trustees shall notify in writing each teacher whose contract is about to expire whether the board proposes to renew or not renew the contract."),[2] (b) ("The board's failure to give the notice required by Subsection (a) within the time specified constitutes an election to employ the teacher in the same professional capacity for the following school year.").

The Commissioner-appointed ALJ questioned, sua sponte, whether the Commissioner had jurisdiction over Solis's petition for review. Specifically, the ALJ stated in an order that "[t]he Petition for Review alleged jurisdiction under Texas Education Code section 21.301.[3] However,

---

[2] It is undisputed that MCISD did not provide Solis notice pursuant to section 21.206(a).

[3] Section 21.301 provides that "[n]ot later than the 20th day after the date the board of trustees or board subcommittee announces its decision [to terminate a teacher's contract or suspend a teacher without pay] under Section 21.259 or the board advises the teacher of its decision not to renew the teacher's contract under Section 21.208, the teacher may appeal the decision by filing a petition for review with the commissioner." Tex. Educ. Code § 21.301(a).

4

there is no allegation that Respondent announced a decision under Texas Education Code section 21.259 or advised Petitioner of its decision under Texas Education Code section 21.208. This would appear to indicate that the Commissioner does not have jurisdiction over this case under Texas Education Code section 21.301." The ALJ's order set a hearing to address the Commissioner's jurisdiction. After the hearing, the ALJ concluded that because MCISD had not "announced a decision under Texas Education Code section 21.259" or "advised [Solis] of its decision under Texas Education Code section 21.208," section 21.301 did not confer jurisdiction on the Commissioner to consider Solis's petition for review. Essentially, the ALJ concluded that because MCISD did not follow the statutory procedure for nonrenewing a term contract set forth in the TCNA, there was no "decision" that the Commissioner could review pursuant to section 21.301. The ALJ issued an order stating that the Commissioner did not have jurisdiction under section 21.301 but provided Solis an "opportunity to replead."

Solis filed an Amended Petition for Review in which she alleged that MCISD had "violated the school laws of the State of Texas" and that she was filing her petition pursuant to Texas Education Code section 7.057 as well as section 21.301. *See id.* § 7.057(a) (person may appeal in writing to commissioner if person is aggrieved by school laws of this state or actions or decisions of any school district board of trustees that violate school laws of this state). Solis alleged that after her reassignment to the assistant principal job her contract necessarily became a term contract subject to the TCNA and that MCISD's nonrenewal of her term contract without providing her the notice required by the statute was an action or decision of the board that violated the TCNA. In its response, MCISD asserted that because Solis "did not hold a contract governed by Chapter 21," it

5

was not required to provide her with notice of nonrenewal of her contract under Texas Education Code section 21.206. MCISD also challenged the Commissioner's jurisdiction over Solis's petition under section 7.057 on the ground that she had "failed to exhaust administrative remedies regarding the subject matter" of her claims that (1) she was employed under a chapter 21 contract once she was reassigned to the assistant principal position and (2) as such she was entitled to notice of nonrenewal under section 21.206.

The ALJ issued a proposal for decision in which he concluded that the Commissioner lacked jurisdiction over Solis's Amended Petition for Review because Solis failed to exhaust administrative remedies. Specifically, the ALJ stated: "At the local level, Petitioner did not maintain that she had a chapter 21 term contract, much less did she contend that Respondent violated Texas Education Code section 21.206 by not renewing her contract. Because Petitioner failed to raise these arguments at the local level she failed to exhaust administrative remedies." As support for his conclusion that Solis was required to first make these arguments to the school district, the ALJ cited Texas Education Code section 7.057(c), which provides that, in an appeal to the Commissioner by a person aggrieved by an action or decision of a school district board of trustees that violates the school laws of the State of Texas, the Commissioner "shall issue a decision based on a review of the record developed at the district level under a substantial evidence standard of review." *See id.* § 7.057(c). According to the ALJ, the language of section 7.057(c) requires that "[a]n issue brought before the Commissioner must be found in the local record."

The Commissioner then signed a Decision of the Commissioner that adopted the entirety of the ALJ's proposal for decision, including the following Conclusions of Law:

6

4.      A case filed under Texas Education Code section 7.057(a)(2) is an appeal of a school district's action or decision. It is not a de novo appeal. Texas Education Code section 7.057(c) provides that an appeal against a school district will be decided based on a substantial evidence review of the local record. An issue brought before the Commissioner must be found in the local record.

5.      As Petitioner failed to raise the issues at the local level that she had a chapter 21 term contract and that Respondent violated Texas Education Code section 21.206, the Commissioner lacks jurisdiction over these claims. Tex. Educ. Code § 7.057(a)(2) and (c).

6.      Petitioner's Texas Education Code section 7.057 claims should be dismissed for a failure to exhaust administrative remedies. Tex. Educ. Code § 7.057(a)(2) and (c).

The Commissioner dismissed Solis's Amended Petition for Review for lack of jurisdiction.

Solis then filed a suit for judicial review in Travis County district court. *See id.* § 7.057(d) (person aggrieved by decision of commissioner may appeal to district court in Travis County). After a hearing, the trial court reversed the Commission's decision dismissing Solis's petition for review for lack of jurisdiction and remanded the case to the Commissioner for further proceedings. MCISD and the Commissioner then perfected this appeal. In one issue, MCISD and the Commissioner each assert that the Commissioner properly dismissed Solis's petition for review for failure to exhaust administrative remedies and, consequently, the trial court erred by reversing the Commissioner's decision and remanding the case to the Commissioner for further proceedings.

**DISCUSSION**

We begin our analysis by examining the basis for the Commissioner and MCISD's contention that the Commissioner did not have jurisdiction over Solis's appeal and the law

7

underlying our consideration of this issue. The Commissioner and MCISD contend that the Commissioner properly dismissed Solis's petition for review for lack of jurisdiction because she failed to "exhaust her administrative remedies." "Exhaustion of remedies" is an administrative law doctrine "designed primarily to control the timing of judicial relief from adjudicative action of an agency." *Cash Am. Int'l v. Bennett*, 35 S.W.3d 12, 15 (Tex. 2000) (quoting Kenneth Culp Davis, *Administrative Law Doctrines of Exhaustion of Remedies, Ripeness for Review, and Primary Jurisdiction: 1*, 28 Tex. L. Rev. 168, 171 (1949)). "When the Legislature vests exclusive jurisdiction in an agency, exhaustion of remedies is required." *Id.* Exhaustion of remedies requires a party in an administrative proceeding to await that proceeding's completion, thereby securing all available administrative relief before seeking judicial review of the agency's action. *Id.* School district employees like Solis, alleging that a decision by the school district board of trustees violates the school laws of the State of Texas, "generally must exhaust administrative remedies by bringing an appeal to the Commissioner." *See Canutillo Indep. Sch. Dist. v. Farran*, 409 S.W.3d 653, 657 (Tex. 2013); *see also* Tex. Educ. Code § 7.057(a)(2)(A) (providing for appeal to Commissioner of claims that board decision or action violated school laws of state). Solis did exactly that by filing a petition for review with the Commissioner challenging MCISD's action of nonrenewal of her contract before she filed a suit for judicial review. The Commissioner, however, dismissed Solis's appeal for lack of jurisdiction because he concluded that she had failed to "exhaust administrative remedies" when she did not first make her complaint about MCISD's action to MCISD through the district's local grievance policy procedures. The Commissioner takes the position that the "exhaustion of administrative remedies" doctrine applies equally at the administrative level; that is, just as a court

8

does not have jurisdiction over a challenge to the agency's action unless the complainant has exhausted all applicable administrative remedies,[4] neither does the Commissioner have jurisdiction over a challenge to a school district's action unless the employee has availed herself of all applicable grievance processes.

The Texas Education Code belies the Commissioner's position. The Commissioner's jurisdiction arises from Texas Education Code section 7.057, which authorizes the Commissioner to hear appeals of "any person aggrieved by . . . actions or decisions of any board of trustees that violate the school laws of this state." *See* Tex. Educ. Code § 7.057(a)(2)(A); *City of Houston v. Rhule*, 417 S.W.3d 440, 442 (Tex. 2013) (when Legislature creates agency, it may grant agency authority to resolve disputes that arise within agency's regulatory arena). The statute does not require that the aggrieved person have participated in a hearing before the board, but only that the board have made a "decision" or taken "action." Courts have interpreted section 7.057 as a legislative grant of exclusive jurisdiction to the Commissioner that gives the agency the sole authority to make an initial determination before a party may seek relief in the courts. *See Clint Indep. Sch. Dist. v. Marquez*, 487 S.W.3d 538, 545-46 (Tex. 2016); *Subaru of Am., Inc. v. David McDavid Nissan, Inc.*, 84 S.W.3d 212, 221 (Tex. 2002) ("Whether an agency has exclusive jurisdiction depends on statutory construction.").

---

[4] This assumes the Legislature has vested the agency with "exclusive jurisdiction" over the matter. *See Cash Am. Int'l v. Bennett*, 35 S.W.3d 12, 15 (Tex. 2000) ("An agency has exclusive jurisdiction when the Legislature gives the agency alone the authority to make the initial determination in a dispute."); *cf. Subaru of Am., Inc. v. David McDavid Nissan, Inc.*, 84 S.W.3d 212, 220 (Tex. 2002) (explaining difference between exclusive jurisdiction, which implicates trial court's subject-matter jurisdiction, and primary jurisdiction, which operates to allocate power between courts and agencies when *both* have authority to make initial determinations in dispute).

In the present case, however, the Commissioner relies on the "exhaustion of remedies" doctrine to support his conclusion that the *agency* lacked jurisdiction over Solis's petition for review. The Commissioner essentially analogizes its jurisdiction to that of a district court and asserts that, just as the district court may not make an initial determination in a dispute about violation of a school law, the Commissioner, too, lacks jurisdiction to make a determination in a dispute about the violation of a school law unless the complaint has first been presented to the school district through its local grievance policy. For this to be true, it must be the case that the Legislature (or some other entity with authority to do so) has restricted the Commissioner's section 7.057 jurisdiction by vesting in the school district the sole authority—the "exclusive jurisdiction"—to make the initial determination in a dispute regarding whether the district has violated a school law. In that case, the school district's "exclusive jurisdiction" could be said to deprive the Commissioner of jurisdiction unless the complaining party has "exhausted administrative remedies" by first presenting its complaint to the school district.

To support this proposition, the Commissioner relies on his previous decision in *Wilson v. Marshall Independent School District*, Docket No. 047-R10-0309, 2011 TX Educ. Agency LEXIS 34 (Comm'r Educ. 2011), in which the Commissioner interpreted the language of Texas Education Code section 7.057(c) to, essentially, vest the school district with exclusive jurisdiction to make the initial determination when it is alleged that school district board of trustees has violated Texas school laws.[5] In *Wilson*, the Commissioner reasoned:

---

[5] In *Wilson*, an elected member of the school district's board of trustees alleged that the board violated school laws by sanctioning her in a meeting that was held without giving sufficiently specific notice of the meeting to the public as required by the Open Meetings Act. The board member

10

<u>Texas Educ. Code § 7.057</u>

That exhaustion of administrative remedies[6] is required can be seen by examining Texas Education Code section 7.057. Under Texas Education Code section 7.057, a case against a school board is to be heard under the substantial evidence standard based on the local record. Tex. Educ. Code § 7.057(c). This is considerably different from the standard in the old Texas Education Code section 11.13 which resulted in a de novo review of grievances.[7] Because the Commissioner previously reviewed board grievances applying the de novo standard of review whether or not a particular argument was made at the board level was not significant. However, under the substantial evidence standard one must make objections before the school board. The substantial evidence standard applied by the Commissioner under Texas Education Code section 7.057(c) is very similar to the substantial evidence standard found at Texas Government Code section 2001.174. 19 Tex. Admin. Code § 157.1073(h). The Commissioner does not review a case against a school district de novo.

---

also alleged that the board did not have the authority to sanction her. *See Wilson v. Marshall Indep. Sch. Dist.*, Docket No. 047-R10-0309, 2011 TX Educ. Agency LEXIS 34, at *2 (Comm'r Educ. 2011).

**6** The Commissioner uses the term "exhaustion of administrative remedies" to mean availing oneself of the school district's grievance policy prior to appealing a decision of the school district's board of trustees to the Commissioner. Other decisions of the Commissioner further demonstrate that, in its view, "exhaustion of administrative remedies" also requires raising a particular complaint in a proceeding at the school district level before arguing it to the Commission. *See, e.g.*, *Gallont v. Houston Indep. Sch. Dist.*, Docket No. 019-R1-11-2017, 2017 WL 9249963 (Comm'r Educ. 2017) (dismissing for lack of jurisdiction claim of party that had availed itself of administrative remedies by requesting and obtaining hearing before hearing examiner on ground that party did not raise particular issue before hearing examiner and therefore failed to "exhaust administrative remedies").

**7** This statement is not completely accurate. The Texas Supreme Court interpreted former section 11.13(a) as requiring the Commissioner to conduct "a substantial evidence de novo administrative hearing." *See Nueces Canyon Consol. Indep. Sch. Dist. v. Central Educ. Agency*, 917 S.W.2d 773, 776 (Tex. 1996); *see also Central Educ. Agency v. Upshur Cty. Comm'rs Court*, 731 S.W.2d 559, 561-62 (Tex. 1987) ("substantial evidence de novo" review permits evidentiary hearing "solely for the purpose of determining whether there was fraud, bad faith or an abuse of discretion in the decision of the county commissioners and whether their decision is supported by substantial evidence"); *id.* at 561 & 562 n.2 (comparing "true trial de novo," which is not an "appeal" but is a new proceeding to "substantial evidence de novo" review, which is an appeal that gives deference to local board's findings and decision). Despite the introduction of evidence at the review hearing, the inquiry in a substantial-evidence-de-novo review is purely a question of law, and the proceeding is truly an "appeal." *See Firemen's & Policemen's Civ. Serv. v. Brinkmeyer*, 662 S.W.2d 953, 956 (Tex. 1984).

<u>Is Decision Without Exhaustion Sufficient?</u>

It might be argued that all one needs is a board decision concerning the subject matter detailed in Texas Education Code section 7.057(a)(2) in order to file an appeal with the Commissioner. If this were the case, few petitioner's [sic] before the Commissioner would prevail. Many cases that the Commissioner considers have their genesis in a board action. A school board might change the salary schedule, require school uniforms, or do any number of thing that a teacher, parent, or another person believes violates the school laws of this state. If the teacher, parent, or other person was faced with an immediately appealable decision the school district would most likely prevail because Texas Education Code section 7.057(c) requires the decision to be based on the local record. A board decision that is not made through the grievance process is a decision where those opposed are not required to be given an opportunity to speak or present evidence. In fact, it is likely that those opposed will only learn of a questionable action after the vote is taken. The only record the Commissioner is likely to have in such a case is a record that supports the board's decision. A grievance must be pursued prior to appealing to the Commissioner. This requirement actually protects the rights of those challenging a school district action. It gives them the right to be heard and the opportunity to create a record that preserves the issues that they wish to appeal to the Commissioner.

*Wilson*, 2015 TX Educ. Agency LEXIS 34, at *5-7; *see also Harris v. Aldine Indep. Sch. Dist.*, Docket No. 029-R10-03-2015, 2015 TX Educ. Agency LEXIS 37, at * 8 (Comm'r Educ. 2015) (dismissing claim for lack of jurisdiction on ground that "[a]n issue brought to the Commissioner in appeal against a school district must be raised before the school district" and "[b]ecause Petitioner did not raise the issues of discrimination and the improper issuance of emergency permits in her grievance, Petitioner has failed to exhaust administrative remedies as to these claims").

As explained below, the Commissioner's interpretation of section 7.057 in *Wilson* was incorrect. We first consider whether subsection 7.057(c) constitutes a limitation on the Legislature's grant of jurisdiction to the Commissioner to review "decisions" or "actions" of a school district board of trustees that allegedly violate the school laws of the State of Texas. That subsection provides

12

that the Commissioner's review of a school board's decision is under the substantial evidence standard. *See* 19 Tex. Admin. Code § 157.1073(h). According to the Commissioner, this standard of review imposes a requirement that there be a hearing at the school district level before the Commissioner may review the resulting decision.[8] In the Commissioner's view, if no hearing is held at the school district level and no administrative record is created, there is nothing for the Commissioner to subject to substantial evidence review. We disagree. Although section 7.057 provides for a substantial evidence standard of review, nothing in the language of the statute requires that there have been a hearing and corresponding "record" as a prerequisite for review by the Commissioner. Such an interpretation would lead to the conclusion that the school district could simply refuse to hold a hearing and then issue a decision that would be immune from the Commissioner's review. That result could hardly be contemplated by the statutory review process. *See Fleming Foods of Tex., Inc. v. Rylander*, 6 S.W.3d 278, 284 (Tex. 1999) (explaining that court should not adopt statutory construction that would render statute meaningless or lead to absurd results).

We also do not agree that section 7.057(c)'s reference to the "record developed at the district level" and "substantial evidence review" means that section 7.057 appeals are limited to review of school district board of trustees' decisions that are made in the context of a grievance proceeding. Rather, it means that the Commissioner must base his decision on the record as it existed at the district level and the events evidenced by that record. When the Commissioner reviews a decision of a school district board of trustees under the substantial evidence rule,

---

[8] The Commissioner's argument seems to suggest that a "decision" must be one made in the context of resolving a dispute or complaint, presumably after a hearing. There is nothing in the text of the statute that indicates that the terms "decision" or "action" are so limited.

13

(h) the commissioner may not substitute his or her judgment for the judgment of the school district on the weight of the evidence questions committed to the discretion of the board of trustees but:

(1) may affirm the decision of the board of trustees in whole or in part; and

(2) shall reverse or remand the case for further hearings if substantial rights of the petitioner have been prejudiced because the decision of the board of trustees is:

    (A) in violation of a constitutional or statutory provision;

    (B) in excess of the statutory authority of the board of trustees;

    (C) made through unlawful procedure;

    (D) affected by other error of law;

    (E) not reasonably supported by substantial evidence considering the reliable and probative evidence in the record as a whole; or

    (F) arbitrary or capricious or characterized by an abuse of discretion or clearly unwarranted exercise of discretion.

19 Tex. Admin. Code § 157.1073(h) (Tex. Educ. Agency, Hearings Brought Under Tex. Educ. Code § 7.057). Thus, the substantial evidence standard of review requires that the Commissioner "not substitute its judgment for the judgment of the school district on the weight of the evidence" but allows the Commissioner to address other aspects of the decision or action, including whether the decision violated a constitutional or statutory provision, whether the agency acted outside its statutory authority in making the decision, and whether the agency violated procedural requirements in making the decision. *Id.*

      Here, the issue before the Commissioner was the legal question of whether, based on the undisputed facts regarding Solis's initial employment and transfer, she was employed under a

14

term contract subject to the TCNA. Solis asserts that the school district board of trustees violated Texas school laws when it failed to give her the notice to which she was entitled under chapter 21 before deciding to nonrenew her contract, *see* Tex. Educ. Code § 21.206(a), and subsequently refused to acknowledge that the failure to give notice operated as an election to employ her in the same professional capacity for the following school year, *see id.* § 21.206(c). Solis's claim does not involve resolution of disputed fact issues and, if correct, is a claim that would constitute an authorized ground for reversal or remand of the decision. *See* 19 Tex. Admin. Code § 157.1073(d) (commissioner shall reverse or remand decision of board of trustees that is in violation of statutory provision). The same would be true of claims that the school district board of trustees acted in violation of a constitutional provision or in excess of its statutory authority.

We are also unpersuaded by the Commissioner's reasoning in *Wilson* that making the filing of a complaint at the school district level a jurisdictional prerequisite to filing a petition for review with the Commissioner "actually protects the rights of those challenging a school district action" because "it gives them the right to be heard and the opportunity to create a record that preserves the issues that they wish to appeal to the Commissioner." The right to a hearing is created by the governing statutes and grievance policies; it is not derivative of the scope of the Commissioner's jurisdiction. If a party with a right to a hearing does not avail itself of that right, it very well may lose at the Commissioner level if the merits of the complaint turn on evidentiary issues that are not developed or preserved for the Commissioner's review under the substantial evidence standard. That does not, however, make a district-level hearing or complaint a jurisdictional prerequisite to filing a petition for review with the Commissioner. Section 7.057 of the Texas Education Code

15

provides for an appeal to the Commissioner when a person is aggrieved by an action or decision of a board of trustees that violates Texas school law. The Commissioner may not, through his rules or policies, narrow the availability of that appeal. Requiring that, as a jurisdictional prerequisite to such an appeal, an aggrieved party must request and attend a hearing before the board would impermissibly narrow the availability of the statutory right to appeal to the Commissioner.

The Commissioner's argument conflates concepts of waiver with concepts of jurisdiction.[9] It may be the case that a party who fails to raise a particular complaint with a school district in accordance with an applicable local grievance policy will not have a record to present to the Commissioner that can support the complaint. While the party may be found to have waived that complaint or failed to preserve it for a subsequent appeal to the Commissioner, it does not follow that the Commissioner lacks jurisdiction over the appeal itself. In fact, in his brief in this appeal, the Commissioner cites Texas Rule of Appellate Procedure 33.1, which addresses preservation of error, as support for the proposition that Solis was required to "first present her claim to the school district (the initial decision-maker) before raising it on appeal to the Commissioner." *See* Tex. R. App. P. 33.1 (preservation of appellate complaints). The Commissioner's brief also states that Solis "failed to preserve her claim and the Commissioner properly dismissed it." We will, therefore, consider whether

---

[9] The Commissioner's use of the term "jurisdiction" may be an example of what the Texas Supreme Court has described as "intemperate." *See In re United Servs. Auto. Ass'n*, 307 S.W.3d 299, 306 (Tex. 2010) ("But we, like the U.S. Supreme Court, have recognized that our sometimes intemperate use of the term 'jurisdictional' has caused problems. Characterizing a statutory requirement as jurisdictional means that the trial court does not have—and never had—power to decide the case." (citations and footnotes omitted)). It may be that the Commissioner means instead that a complainant who has not complied with the school district's grievance policy has not preserved that complaint for his review.

16

Solis was required to seek relief from the board of trustees in order to preserve for Commissioner review her claim that she was aggrieved by MCISD's decision to discontinue her employment despite it having failed to give her notice of proposed nonrenewal of a term contract governed by the TCNA. *See* Tex. Educ. Code § 21.206(c) (failure to give notice within time specified constitutes election to employ teacher in same professional capacity for following school year).

The Commissioner's position—whether couched in terms of "jurisdiction" or waiver—is that Solis failed to properly preserve her argument about the term status of her contract. We disagree. The Commissioner argues that, pursuant to the Legislature's grant of authority to the board of trustees to make decisions relating to terminating the employment of district employees employed under a contract to which Texas Education Code chapter 21 applies, MCISD adopted a grievance policy that "functions in the statutory scheme like a notice-and-cure clause that is a prerequisite to suit." *See id.* § 11.1511(b)(14). According to the Commissioner, this grievance policy, referred to as Personnel-Management Relations Employee Complaints/Grievances DGBA(LOCAL) ("DGBA (Local)"), is part of Solis's employment contract. The Commissioner asserts that DGBA (Local) required that Solis identify the legal basis of her complaint at the local level before presenting it to the Commissioner. DGBA (Local) provides that an employee's complaint must be submitted to the school district on the grievance form approved by the District and must include, among other things:

> Identification of the specific policy or policies, constitutional or statutory provisions, or administrative regulations alleged to be violated or misapplied, or the specific type of discrimination alleged to have been committed and facts to support the allegation.

17

DGBA (Local) provides that the term "complaint" or "grievance" means an employee's specific written statement expressing dissatisfaction with his or her wages, hours of work, or conditions of work. The policy provides that these terms also include allegations of unlawful discrimination, harassment, or retaliation based on gender, age, religion, national origin, disability, "whistleblower" complaints, or the employee's exercise of rights protected by the United States Constitution or other state or federal law. The policy states that employee "complaints," as so defined, "shall be filed in accordance with this policy." Thus, the Commissioner is correct that an employee filing a "complaint" must comply with the requirement that the complaint identify the policy, statutory provisions, or administrative regulations alleged to have been violated. However, DGBA (Local) specifically excludes from its purview certain categories of employee complaints that are to be submitted in accordance with other district policies, including "[c]omplaints concerning the proposed nonrenewal of a term contract issued under Chapter 21 of the Education Code, which shall be submitted in accordance with DFBB." Thus, while Solis's complaint that her reassignment from an executive director position to an assistant principal position was retaliation based was subject to the requirements in grievance policy DGBA (Local), her complaint regarding MCISD's nonrenewal of what she alleged to be a term contract was not.

The TCNA, which governs nonrenewal of term contracts, provides that a board of trustees contemplating nonrenewal of a term contract "shall notify in writing each teacher[10] whose contract is about to expire whether the board proposes to renew or not renew the contract." *See* Tex.

_____

[10] The TCNA defines "teacher" to include principals. *See* Tex. Educ. Code § 21.201. MCISD's policy DCB (Local) provides that "[t]erm contracts governed by Chapter 21 of the Education Code (educator term contracts) shall be provided to: . . . assistant principals."

18

Educ. Code § 21.206. A teacher who receives such notice has the option of requesting a hearing, which the board must provide. *Id.* § 21.207(a). If the teacher does not request a hearing, the board must take action to renew or nonrenew the contract and notify the teacher of its action not later than the 30th day after the date notice of proposed nonrenewal was sent to the teacher. *Id.* § 21.208(a). If the teacher requests a hearing, the board must hold the hearing, take action to renew or nonrenew the contract, and notify the teacher of its action no later than the 15th day after the date on which the hearing is concluded. *Id.* § 21.208(b). A teacher desiring to appeal the action must file a petition for review with the Commissioner not later than the 20th day after the date the board advises the teacher of its decision not to renew the teacher's contract. *Id.* § 21.301. If, however, the board fails to give the notice required by section 21.206(a) within the time specified, the statute provides that this "constitutes an election to employ the teacher in the same professional capacity for the following school year." *Id.* § 21.206(c).

Solis alleged in her petition for review that she was employed under a contract subject to the TCNA and was not given notice of proposed nonrenewal of her contract in accordance with section 21.206(a). In that case, there were no administrative steps left for Solis to take because, as a matter of law, the failure to give notice constituted an election to continue her employment for the following school year. The Commissioner had jurisdiction to consider Solis's claim that MCISD violated state school law by not acknowledging her continued employment, and Solis did not waive that claim by not raising it at the local level. The Commissioner had before him a sufficient record from MCISD from which he could determine (1) whether, after transfer to the assistant principal position, Solis was employed under a term contract governed by the TCNA and, if so (2) whether

19

MCISD's action or inaction constituted an election to employ her for the following school year such that its failure to do so was a violation of the school laws of the State of Texas.

Having concluded that the Commissioner erred by dismissing Solis's petition for review on the ground that he lacked jurisdiction, we overrule MCISD's and the Commissioner's sole appellate issues.

## CONCLUSION

For the reasons stated in this opinion, we conclude that the trial court properly reversed the Commissioner's decision dismissing Solis's petition for review. We affirm the trial court's judgment remanding the case to the Commissioner.

_____

Scott K. Field, Justice

Before Chief Justice Rose, Justices Goodwin and Field

Affirmed

Filed: August 22, 2018