Isabel SLOAN, Petitioner,

v.

LAW OFFICE OF OSCAR C. GONZALEZ, INC. and Oscar C. Gonzalez, Respondents.

No. 14–1015

Supreme Court of Texas.

Opinion delivered: January 8, 2016

Carl Joseph Kolb, Carl L. Kolb, P.C., San Antonio, Elizabeth Conry Davidson, San Antonio, Robert B. Gilbreath, Hawkins Parnell Thackston & Young LLP, Dallas, for Petitioner.

Dan Pozza, Pozza & Whyte, PLLC, San Antonio, for Respondents.

PER CURIAM

Isabel Sloan sued attorneys Oscar Gonzalez and Eric Turton and the Law Office of Oscar C. Gonzalez, alleging that they misappropriated $75,000 in trust funds that Turton received after settling a case on Sloan's behalf. The jury found that Sloan had an attorney-client relationship with all three defendants; the three defendants were engaged in a joint enterprise and a joint venture with respect to Sloan's underlying case; and all three defendants breached fiduciary duties to Sloan, failed to disclose information to Sloan, negligently misrepresented information, held money rightfully belonging to Sloan, engaged in professional negligence, committed fraud, acted with malice and gross negligence, and knowingly and intentionally violated the Texas Deceptive Trade Practices and Consumer Protection Act (DTPA), Tex. Bus. & Com. Code §§ 17.41–.63. In response to a proportionate-responsibility question,

the jury assigned 40% to Turton, 30% to Gonzalez, and 30% to the Law Office.

Sloan elected to recover under the DTPA. Based on the jury's findings, the trial court entered judgment holding all three defendants jointly and severally liable for $77,500 in actual damages, $64,125 in pre-judgment interest, $424,875 in additional DTPA damages, and $238,366 in attorney's fees, plus costs, appellate fees, and post-judgment interest. Gonzalez and the Law Office appealed, but Turton did not. The court of appeals concluded that the evidence was sufficient to support the jury's findings but held as a matter of law that Sloan could only recover for professional negligence because all of the other claims, including the DTPA claim, represented an improper attempt to fracture her legal malpractice claim into alternative causes of action. After also holding that the trial court used an excessive interest rate, the court of appeals concluded that Sloan could recover $77,500 in actual damages plus costs and interest. Although the court's opinion did not address the jury's proportionate-responsibility findings, it applied those findings in its judgment and ordered Gonzalez and the Law Firm to each pay Sloan $23,250 (30% of $77,500) plus costs and interest.

Sloan filed a motion for rehearing in the court of appeals, arguing that the court erred in applying the proportionate-responsibility percentages without addressing whether Gonzalez and the Law Office were jointly and severally liable for all of the damages because of the jury's findings that they engaged in a joint venture and a joint enterprise with Turton. The court of appeals denied Sloan's motion for rehearing.

■ In her petition for review, Sloan argues that the court of appeals violated rule 47.1 of the Texas Rules of Appellate Procedure by failing to address the effects of the joint-enterprise and joint-venture findings in its opinion. We agree. Under rule 47.1, a court of appeals is obligated to hand down a written opinion that "addresses every issue raised and necessary to final disposition of the appeal." TEX. R. APP. P. 47.1; see Office of Pub. Util. Counsel v. Pub. Util. Comm'n of Tex., 878 S.W.2d 598, 599–600 (Tex.1994). This Court has held that "this provision is mandatory, and the courts of appeals are not at liberty to disregard it." West v. Robinson, 180 S.W.3d 575, 577 (Tex.2005) (per curiam); see also Lone Star Gas Co. v. R.R. Comm'n of Tex., 767 S.W.2d 709, 711 (Tex.1989) (per curiam) (citing rule 90(a), predecessor to rule 47.1, and remanding case to court of appeals). Under rule 47.1, a court of appeals must address the parties' alternative theories of recovery if they are necessary to the disposition of the appeal. Tex. Disposal Sys., Inc. v. Perez, 80 S.W.3d 593, 594 (Tex.2002) (per curiam) (holding that court of appeals erred in failing to consider appellee's alternative basis for awarding attorney's fees); see also West, 180 S.W.3d at 576–77.

■ In her appellee's brief to the court of appeals, Sloan argued that Gonzalez and the Law Office are each jointly and severally liable for all damages, including those attributable to Turton's actions, because the jury found that they were all engaged in a joint enterprise and joint venture. Gonzalez and the Law Office disagreed, arguing that the evidence was insufficient to support the jury's joint-enterprise and joint-venture findings and no other agency relationship existed that would support joint and several liability. The court of appeals did not address the sufficiency of the evidence of a joint enterprise or joint venture, or the legal implications of those findings. We conclude that the court of appeals erred by failing to address these issues, which are necessary to the disposi-

tion of the appeal because they determine the amount of damages that the court of appeals' judgment may assign to each respondent.

We express no opinion on whether Chapter 33's proportionate-responsibility scheme supersedes common law joint-venture and joint-enterprise theories for imposing joint and several liability, and leave it to the court of appeals to address that issue in the first instance. Accordingly, without hearing oral argument, we reverse the court of appeals' judgment and remand the case to the court of appeals for further consideration in accordance with this opinion.