

# NUMBER 13-20-00350-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

## IN THE MATTER OF BUMSTEAD FAMILY IRREVOCABLE TRUST

On appeal from the Probate Court No. 1
of Harris County, Texas.

# ORDER

**Before Chief Justice Contreras and Justices Benavides and Longoria**
**Order Per Curiam**

On March 10, 2022, this Court handed down its memorandum opinion in this cause. *See In re Matter of Bumstead Family Irrevocable Tr.*, No. 13-20-00350-CV, 2022 WL 710159, at *1 (Tex. App.—Corpus Christi–Edinburg Mar. 10, 2022, no pet. h.) (mem. op.).[1] Appellants Taylor Moss (Taylor) in his individual capacity; Taylor as Trustee of the

---

[1] This appeal was transferred to this Court from the Fourteenth Court of Appeals in Houston pursuant to a docket equalization order issued by the Supreme Court of Texas. *See* TEX. GOV'T CODE ANN. § 22.220(a) (delineating the jurisdiction of appellate courts); *id.* § 73.001 (granting the supreme court the authority to transfer cases from one court of appeals to another at any time that there is "good cause" for the transfer).

TCM Trust, Bumstead Living Trust, Bumstead Family Trust, Bumstead Survivor's Trust, and Sylvia M. Bumstead Revocable Trust, and Manager of Wolf Trot Properties, LLC and Wolf Trot Properties, LLC d/b/a Melia Investments, LLC; DeisoMoss, LLC; and DeisoMoss Property Management, LLC, have now filed a motion for rehearing in which they request that the Court "address several arguments that were briefed by [a]ppellants but not addressed in the opinion." According to appellants, "[a]nalyzing these arguments will provide needed clarity for the appellate process and will ensure that the Court has not overlooked arguments that, if grappled with, would have changed holdings in the Opinion."

The appellees, Debra M. Holzworth, Kathryn S. Marcotte, and Carol Bumstead Moss, individually, as Trustees of their respective Exempt Trusts, as Trustees of their respective Descendant's Trusts, as Co-Trustees of the Bumstead Family Irrevocable Trust, and as Named Co-Trustees of the Bumstead Family Trust (beneficiaries), filed a response to the motion for rehearing. In short, the beneficiaries contend that the motion for rehearing "neither assails the judgment nor contends that there is any error in a single word that the Court wrote." According to the beneficiaries, the Court's opinion addresses each of the three issues presented on appeal with "ample explanation of the sufficiency of the evidence and the trial court's discretion."

We deny appellants' motion for rehearing.

## I.    ISSUES, ARGUMENT, AND OPINIONS

An appellant's opening brief "must state concisely and without argument all issues or points presented for review." TEX. R. APP. P. 38.1(f); *see Rohrmoos Venture v. UTSW*

*DVA Healthcare, LLP*, 578 S.W.3d 469, 480–81 (Tex. 2019). The Texas Supreme Court has "firmly mandated that courts broadly construe issues to encompass the core questions and to reach all issues subsidiary to and fairly included within them." *Rohrmoos Venture*, 578 S.W.3d at 480; see TEX. R. APP. P. 38.9. We apply this mandate "reasonably, yet liberally," so that the merits of an appeal are addressed whenever "reasonably possible." *Rohrmoos Venture*, 578 S.W.3d at 480 (quoting *Ditta v. Conte*, 298 S.W.3d 187, 190 (Tex. 2009)).

The appellate rules provide that an "appellant may file a reply brief addressing any matter in the appellee's brief." TEX. R. APP. P. 38.3; *Jennings v. Jennings*, 625 S.W.3d 854, 868–69 (Tex. App.—San Antonio 2021, pet. denied). "The Texas Rules of Appellate Procedure do not allow an appellant to include in a reply brief a new issue in response to some matter pointed out in the appellee's briefs but not raised by the appellant's original brief." *Jennings*, 625 S.W.3d at 868 (quoting *Dallas County v. Gonzales*, 183 S.W.3d 94, 104 (Tex. App.—Dallas 2006, pet. denied)); *see Fallon v. MD Anderson Physicians Network*, 586 S.W.3d 58, 73 (Tex. App.—Houston [1st Dist.] 2019, pet. denied). Nevertheless, "courts of appeals can consider arguments and authorities in a reply brief that are related to the arguments in the original brief." *Chambers v. State*, 580 S.W.3d 149, 161 (Tex. Crim. App. 2019); *see McAlester Fuel Co. v. Smith Int'l, Inc.*, 257 S.W.3d 732, 737 (Tex. App.—Houston [1st Dist.] 2007, pet. denied); *Hutchison v. Pharris*, 158 S.W.3d 554, 563 (Tex. App.—Fort Worth 2005, no pet.).

Appellate courts are required to address "every issue raised and necessary to final disposition of the appeal." TEX. R. APP. P. 47.1; *see Sloan v. Law Office of Oscar C.*

3

*Gonzalez, Inc.*, 479 S.W.3d 833, 834 (Tex. 2016). This rule is mandatory. *See Sloan*, 479 S.W.3d at 834; *see also Lance v. Robinson*, 543 S.W.3d 723, 740 (Tex. 2018). A memorandum opinion, as was issued in this case, need be "no longer than necessary to advise the parties of the court's decision and the basic reasons for it." Tex. R. App. P. 47.4.

## II.    ANALYSIS

Appellants assert that they presented six arguments in their briefing that were not addressed or analyzed in our sixty-three-page memorandum opinion: (1) certain safeguards prevented imminent and irreparable harm; (2) no evidence shows that a receiver was the only adequate remedy; (3) the trial court entered findings inappropriate for temporary relief; (4) the trial court erred by finding that Taylor had a duty abrogated by the settlor and the trust agreements; (5) the trial court erroneously excluded evidence; and (6) the trial court was not permitted to use a temporary injunction to grant key parts of the ultimate relief requested by any cause of action. Appellants request that we review these "overlooked" arguments.

As a fundamental matter, we disagree that these arguments were "overlooked." In our opinion, we considered all arguments necessary to address the core questions presented and reached all issues subsidiary to and fairly included within them. *See Rohrmoos Venture*, 578 S.W.3d at 480. Our opinion was "no longer than necessary to advise the parties of the court's decision and the basic reasons for it." Tex. R. App. P. 47.4. The arguments referenced on motion for rehearing were considered on original submission and factored in the Court's analysis and decision in this appeal. We

nevertheless address these arguments briefly in this order to assuage appellants' concerns regarding the scope of our review.

## A. Temporary Relief and Ultimate Relief

Appellants contend that this Court's opinion did not address their arguments that "The Trial Court Entered Findings Inappropriate for Temporary Relief" and "The Trial Court Was Not Permitted To Use A Temporary Injunction To Grant Key Parts Of The Ultimate Relief Requested By Any Cause Of Action." Appellants made these arguments in connection with their first issue in their opening brief. We explicitly considered, discussed, and rejected these contentions in several pages in our memorandum opinion.

## B. Evidentiary Error

Two of appellants' arguments pertain to evidentiary error. Appellants presented three issues on appeal, none of which concerned the erroneous admission or exclusion of evidence. Appellants do not contend, on original briefing or now on rehearing, that the trial court's erroneous admission or exclusion of evidence resulted in an improper judgment. Appellants assert that this Court failed to address their argument that "no evidence shows that a receiver was the only adequate remedy." As we acknowledged in our opinion, appellants did not argue that the trial court erred in appointing a receiver, and we addressed their contentions regarding the receiver's authority, actions, and the resultant effect on the status quo in our opinion.

Appellants also assert that the Court failed to address their argument that the trial court erroneously excluded evidence and argument regarding Taylor's lease of the Hardy Road Property and Sylvia's intent to transfer that property to Taylor. Assuming without

5

deciding that the record supports appellants' contention regarding the trial court's actions, and in the absence of a bill of exception or offer of proof, we note that while the trial court occasionally limited the scope of the underlying hearing, appellants nevertheless presented argument and evidence regarding both issues, and our opinion addresses these matters accordingly.

## C.    Duty to Disclose

Appellants assert that our opinion failed to address their argument that the trial court erred by finding that Taylor breached his duty to disclose the transfer of the Hardy Road Property because Sylvia instructed him not to disclose the transaction and the trust agreement altered Taylor's duties of disclosure because it stated, in essence, that a successor trustee may not be held responsible for the acts or omissions of a previous trustee. As acknowledged by appellants, our opinion "mention[s]" the argument that Sylvia's instructions and the trust agreement "alter a trustee's default duty to disclose."

Both the trial court and this Court considered the evidence of Taylor's actions, not Sylvia's, in considering whether Taylor breached his duties as trustee. Further, neither on original submission nor on rehearing have appellants offered authority for the proposition that Sylvia's instructions to Taylor regarding concealment of this transaction obviated his own acts as trustee, nor have appellants cited or discussed the applicability of Texas Property Code § 114.002. *See* TEX. PROP. CODE ANN. 114.002 (delineating the circumstances under which a successor trustee may be liable for a breach of trust of a predecessor).

6

**D.      Safeguards**

Finally, we address appellants' contention that "safeguards prevented imminent and irreparable harm." On original submission, appellants asserted that the beneficiaries could not show that a temporary injunction was necessary to prevent a probable, imminent, and irreparable harm before final adjudication of their causes of action because "many" safeguards protected the Trusts' property. Appellants argued: (1) "the Trusts' real property cannot be physically moved or concealed, and it is largely undeveloped[,] which means that it cannot suffer severe property damage," (2) "the trial court enjoined [Taylor] from 'taking any action or attempted action to sell, transfer, conceal, pledge, deposit, encumber, gift or otherwise remove or dispose of any asset of the Trusts and/or Entities,'" (3) the "[b]eneficiaries filed a *lis pendens* for the Trusts' assets, effectively blocking any potential sale of those assets," (4) Taylor "has consistently increased the value of the Trusts' assets," (5) "interests in Ridescka Limited Fund—the company that owns the primary real property at issue—cannot be transferred to anyone who is not a direct descendent of the Settlors," and (6) "the trial court has been asserting its 'exclusive jurisdiction over all assets.'"

Two of these safeguards concern the realty at issue—appellants argue that the real property "cannot suffer severe property damage" and that a lis pendens would prevent the realty at dispute from being sold. Appellants cite no authority for the proposition that realty cannot suffer severe property damage where it "cannot be physically moved or concealed, and it is largely undeveloped." The Court's opinion applies black-letter law that when unique realty is at issue, an applicant for a temporary

7

injunction can show imminent, irreparable harm. And, contrary to appellants' assertions, a lis pendens does not prevent sale of the realty. *See Neel v. Fuller*, 557 S.W.2d 73, 76 (Tex. 1977) (op. on reh'g) ("If two litigants claim the ownership to a tract of land in a lawsuit, and if lis pendens has been filed, either of the litigants may freely convey to third parties...."); *In re Miller*, 433 S.W.3d 82, 85 (Tex. App.—Houston [1st Dist.] 2014, orig. proceeding) (a lis pendens "does not prevent conveyance" of land). Finally, appellants' contentions fail to consider that the assets in dispute encompass not only real property but also include businesses and liquid assets.

Two of appellants' safeguards concern the trial court's actions enjoining Taylor from, inter alia, concealing or disposing of assets, and assuming jurisdiction over the assets at issue. These alleged safeguards, however, are contained *within the temporary injunction that is subject to appeal here*.

In the final two "safeguards," appellants argue that Taylor "has consistently increased the value of the Trusts' assets" and that "interests in Ridescka Limited Fund— the company that owns the primary real property at issue—cannot be transferred to anyone who is not a direct descendent of the Settlors." However, neither of these two assertions protect the beneficiaries from Taylor's claims of entitlement to the family's assets. We further note that the beneficiaries have alleged, even after appeal, that Taylor continued to mismanage and deplete trust assets.

## III.    CONCLUSION

The Court, having examined and fully considered the appellants' motion for rehearing, the beneficiaries' response, and appellants' reply, is of the opinion that the

motion for rehearing should be denied. Accordingly, without modifying our opinion, we deny rehearing.

PER CURIAM

Delivered and filed on the
5th day of July, 2022.