ACCEPTED
15-24-00036-CV
FIFTEENTH COURT OF APPEALS
AUSTIN, TEXAS
3/28/2025 5:03 PM
CHRISTOPHER A. PRINE
CLERK

NO. 15-24-00036-CV

FILED IN
15th COURT OF APPEALS
AUSTIN, TEXAS
3/28/2025 5:03:07 PM
CHRISTOPHER A. PRINE
Clerk

## IN THE FIFTEENTH COURT OF APPEALS
## AUSTIN, TEXAS

**TEXAS COMMISSION ON ENVIRONMENTAL QUALITY and MAX MIDSTREAM, LLC,** *Appellants,*

**v.**

**S. DIANE WILSON, TEXAS CAMPAIGN FOR THE ENVIRONMENT AND SAN ANTONIO BAY ESTUARINE WATERKEEPER,** *Appellees.*

**On Appeal from the 201st Judicial District Court,**
**Travis County, Texas**
**Cause No. D-1-GN-22-002153**

**APPELLEES' MOTION FOR REHEARING**

Erin Gaines, Bar No. 24093462
**Earthjustice**
845 Texas Avenue, Suite 200
Houston, Texas 77002
Phone: (512) 720-5354
*egaines@earthjustice.org*

*Attorney for Appellees Texas Campaign for the Environment & San Antonio Bay Estuarine Waterkeeper*

Ilan Levin, Bar No. 00798328
Karis Adams, Bar No. 24131210
Ethan Siegel, Bar No. 24124647
**Texas RioGrande Legal Aid**
4920 Interstate 35
Austin, Texas 78751-2717
Phone: (512) 619-7287
*ilevin@trla.org*
*karisadams@trla.org*
*esiegel@trla.org*

*Attorneys for Appellee S. Diane Wilson*

# TABLE OF CONTENTS

Table of Authorities.................................................................................................... ii

**I.  Argument** ..............................................................................................1

  A.  The Court erred by not ruling on the second claim challenging the Commission's issuance of Max Midstream's minor source air permit. ..................1

    *i.  Appellees raised two independent claims at the district court and Appellants appealed both claims to the Court of Appeals.* ..................................1

    *ii.  This Court's Opinion failed to address the second claim, which is necessary to final disposition of this appeal* ........................................................5

**II.  Prayer**..................................................................................................7

**CERTIFICATE OF COMPLIANCE** ...................................................................9

**CERTIFICATE OF SERVICE** ..........................................................................10

i

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Latham v. Castillo*,
972 S.W.2d 66 (Tex. 1998)..................................................................................6

*Sloan v. Law Office of Oscar C. Gonzalez, Inc.*,
479 S.W.3d 833 (Tex. 2016) ...............................................................................7

*Texas Ass'n of Bus. v. Texas Air Control Bd.*,
852 S.W.2d 440 (Tex. 1993) ...............................................................................6

*Texas Comm'r of Educ. v. Solis*,
562 S.W.3d 591 (Tex. App.—Austin 2018)........................................................3

*Texas Dep't of Parks & Wildlife v. Miranda*,
133 S.W.3d 217 (Tex. 2004) ...............................................................................6

*United Indep. Sch. Dist. v. Mayers*,
665 S.W.3d 775 (Tex. App.—San Antonio 2023) ..............................................7

**Statutes**

Texas Health and Safety Code § 382.032...........................................................3, 5

**Other Authorities**

35 Tex. Reg. 5198 (June 18, 2010)..........................................................................4

40 Tex. Reg. 9651 (Dec. 25, 2015)......................................................................4, 6

Tex. R. App. P. 47.1..............................................................................................1, 7

**TO THE HONORABLE JUSTICES OF THE FIFTEENTH COURT OF APPEALS:**

## I.     Argument

This case involves two independent claims. The Court's February 27, 2025 Opinion addressed Appellants' first claim on appeal (Appellees' first claim in the district court), reversing the judgment of the district court and rendering judgment affirming the Commission's Order. Opinion at 25. However, the Court declined to rule on the second claim without a clear explanation. Because this claim was necessary to final disposition of the appeal, the Court erred in not reaching it. Tex. R. App. P. 47.1 ("The court of appeals must hand down a written opinion that is as brief as practicable but that addresses every issue raised and necessary to final disposition of the appeal.").

   A. The Court erred by not ruling on the second claim challenging the Commission's issuance of Max Midstream's minor source air permit.

   *i.  Appellees raised two independent claims at the district court and Appellants appealed both claims to the Court of Appeals.*

The Commission's Order at issue in this case 1) denied all contested case hearing requests and 2) issued minor source air permit 162941 to Max Midstream ("the Permit"). AR 64.[1] At the district court, Appellees S. Diane Wilson, San

---

[1] Appellees will cite to the Administrative Record (AR) and Supplemental Administrative Record (SAR), which are Joint Exhibits 1 & 2 to the Reporter's Record (RR), in the following form: "(S)AR[Item number] at [pdf page number(s) of that Item]." Citations to the Clerk's Record will

Antonio Bay Estuarine Waterkeeper, and Texas Campaign for the Environment brought two distinct claims challenging this Order, each of which provided an independent basis for reversal of the Order:

- *Appellees' First Claim:* The Commission erred by denying Appellees' requests for a contested case hearing on Max Midstream's air permit. CR at 32–33.

- *Appellees' Second Claim*: The Commission erred by issuing a minor source air permit to Max Midstream. CR at 33.

The Commission filed a partial plea to the jurisdiction in the district court asserting the court lacked jurisdiction over Appellees' second claim. CR at 127–134. After a combined hearing on the plea to the jurisdiction and on the merits, the district court ruled in favor of Appellees on the first claim by reversing the Commission's Order and remanding to the agency for a contested case hearing. SCR at 3. The district court did not rule on the Commission's plea to the jurisdiction regarding Appellees' second claim and it did not need to. By ruling in favor of hearing requestors, the district court did not need to reach the second claim since the Commission's Order had been reversed and the Permit would be subject to a contested case hearing.

On appeal, the Commission addressed Appellees' second claim from the district court, asking this Court:

---

be "CR at [page number]." Citations to the Supplemental Clerk's Record will be "SCR at [page number]."

2

Does the Court have jurisdiction to reach the merits of the Commission's decision to issue Max Midstream's permit? If so, was the Commission's Order issuing the permit supported by substantial evidence and based upon applicable law and reasoned decision-making?

TCEQ Br. xxiv; *see also* MM Br. xv (Issue Presented #3).

All parties fully briefed this issue. *See* TCEQ Br. 48–55; MM Br. 43–54; Appellees Br. 48–62. The Commission and Max Midstream argued that this Court lacks jurisdiction to hear Appellees' second claim challenging the Permit on the merits because they contend Appellees had not exhausted administrative remedies by participating in a contested case hearing. TCEQ Br. 48–51; MM Br. 44–47. In response, Appellees argued that Texas Health and Safety Code § 382.032 provides a right to judicial review and the plain language of the applicable statutory scheme and regulations requires a person to file a timely motion for rehearing to exhaust administrative remedies, but a contested case hearing is not a prerequisite for judicial review of an air permit. Appellees Br. 49–55; *see also Texas Comm'r of Educ. v. Solis*, 562 S.W.3d 591, 597–98, 602 (Tex. App.—Austin 2018, pet. denied) (holding the relevant statute did not require as a "jurisdictional prerequisite" that the aggrieved person participate in a hearing before the education board, even though that was an available option, because such a requirement would "impermissibly narrow the availability of the statutory right to appeal to the Commissioner"). Therefore, Appellees satisfied all exhaustion requirements,

3

including filing a motion for rehearing before the Commission. Appellees Br. 51–53.

This jurisdictional dispute has significant consequences. If, as this Court held in its February 27, 2025 Opinion, the Commission can "weigh and resolve disputed facts" in determining who is affected for a contested case hearing, and if this Court then denied Appellees judicial review of the merits of the Permit due to the Commission's denial of the contested case hearing, as the Commission urges, this would appear to block all pathways for an independent review of air and water permits in Texas. This is contrary to Texas' repeated legal statements to EPA that the right to judicial review of federally delegated permits in Texas is the same as it would be in federal court if EPA were operating the program. *See* 40 Tex. Reg. 9651, 9655 (Dec. 25, 2015) (MM Appx. T); *see also* 35 Tex. Reg. 5198, 5201 (June 18, 2010) ("[A]ny provisions of State law that limit access to judicial review do not exceed the corresponding limits on judicial review imposed by the standing requirements of Article III[.]") (MM Appx. S).

The Commission's unlawful issuance of the Terminal's minor source permit harms Appellees by allowing construction of a major source of air pollution near where they live, work, fish, and recreate without the requisite public health and safety demonstrations. Appellees raised the following errors: *first*, the Commission's Order authorizing the Terminal was based on an error of law

4

because it applied the wrong major source threshold; and *second*, the Order was arbitrary and capricious because it (a) significantly underestimated the Terminal's levels of harmful air pollution and (b) failed to include adequate pollution controls necessary to limit pollution below the applicable 100 tons per year threshold to be considered a minor instead of a major source. Appellees Br. 56–62.

### ii. This Court's Opinion failed to address the second claim, which is necessary to final disposition of this appeal.

This Court's February 27, 2025 Opinion addressed the first claim regarding the Commission's denial of Appellees' hearing requests. Opinion at 25. However, the Court declined to rule on the second claim, stating briefly in a footnote that "[h]aving affirmed the Commission's order, we need not address the Commission and Max Midstream's issues asserting Appellees lacked standing to challenge the merits of the Commission's order." Opinion at 25, n.5.

The Opinion does not clearly state the Court's basis for declining to address the second claim. The Commission's determination that Appellees are not "affected persons" deserving of a contested case hearing is not equivalent to, and does not bind, a court's independent determination of whether a party has standing to bring a claim in court. The Commission has admitted this point, stating in a rulemaking that "[a] finding by an ALJ or the commission concerning a person's status as an affected person would not bind a Texas district court judge in considering that person's standing to seek judicial review, under . . . THSC, §382.032, of the

5

commission's action on a permit application." 40 Tex. Reg. 9651, 9656 (Dec. 25, 2015) (CR at 326, citing Pl. Amended APPX 22). Standing is a question of law decided by a court. *Texas Ass'n of Bus. v. Texas Air Control Bd.,* 852 S.W.2d 440, 446 (Tex. 1993). In addition, at the plea to the jurisdiction stage, courts cannot weigh disputed facts about jurisdiction that are intertwined with the merits against the plaintiff. *Texas Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 228 (Tex. 2004) ("[W]e simply require the plaintiffs, when the facts underlying the merits and subject matter jurisdiction are intertwined, to show that there is a disputed material fact regarding the jurisdictional issue.").

All parties briefed the second claim on appeal, including the jurisdictional arguments related to exhaustion of administrative remedies and the merits of the Permit (*see* Section 1.A.i., *supra*). A ruling on this second claim is necessary to final disposition because if the Court agreed with Appellees that it has jurisdiction to rule on the merits of the Permit and it was improperly issued, the proper remedy would be for the Court to reverse the Order and remand to the Commission. That is, the Court could rule in favor of the Commission on the first claim regarding the denial of contested case hearing requests, but rule against the Commission on the second claim and reverse the Order on the merits of the Permit.

Therefore, this Court needed to reach the second claim. *See Latham v. Castillo*, 972 S.W.2d 66, 70 (Tex. 1998) ("The court of appeals erred by not

discussing issues necessary to final disposition of the appeal."); *see also Sloan v. Law Office of Oscar C. Gonzalez, Inc.*, 479 S.W.3d 833, 834 (Tex. 2016) ("This Court has held that this provision is mandatory, and the courts of appeals are not at liberty to disregard it.") (cleaned up); *cf. United Indep. Sch. Dist. v. Mayers*, 665 S.W.3d 775, 782 (Tex. App.—San Antonio 2023, no pet.) (rendering judgment dismissing claims based on lack of jurisdiction and declining to consider alternative arguments because the jurisdictional issue was "dispositive of [plaintiff's] TCHRA claims").

Therefore, the Court erred in not reaching this second claim. Tex. R. App. P. 47.1.

## II. Prayer

Appellees respectfully urge this Court to grant this motion for rehearing, address the second claim that all parties have briefed regarding the Commission's issuance of the Permit, and reverse the Commission's Order granting the Permit. Alternatively, this Court should remand the case back to the district court to rule on the Commission's partial plea to the jurisdiction on this second claim.

[Signature Block on Next Page]

Respectfully submitted,

/s/ Erin Gaines
Erin Gaines, Bar No. 24093462
**Earthjustice**
845 Texas Avenue, Suite 200
Houston, Texas 77002
Phone: (512) 720-5354
egaines@earthjustice.org

*Attorney for Appellees Texas Campaign for the Environment & San Antonio Bay Estuarine Waterkeeper*

/s/ Ilan Levin
Ilan Levin, Bar No. 00798328
Karis Adams, Bar No. 24131210
Ethan Siegel, Bar No. 24124647
**Texas RioGrande Legal Aid**
4920 Interstate 35
Austin, Texas 78751-2717
Phone : (512) 619-7287
ilevin@trla.org
karisadams@trla.org
esiegel@trla.org

*Attorneys for Appellee S. Diane Wilson*

## CERTIFICATE OF COMPLIANCE

Pursuant to TEX. R. APP. P. 38.1, the undersigned certifies this motion complies with the type-volume limitations because this motion contains 1,666 words as determined by Microsoft 365 application Word Count, exclusive of exempted portions in TEX. R. APP. P. 9.4(i)(2)(D).

Dated: March 28, 2025                     */s/ Erin Gaines*
_____
                                          Erin Gaines

# CERTIFICATE OF SERVICE

I hereby certify that on this 28th day of March 2025, a true and correct copy

of this **APPELLEES' MOTION FOR REHEARING** was electronically served

upon the following counsel of record via the Court's electronic filing system:

Sara J. Ferris
Assistant Attorney General
Office of the Attorney General
sara.ferris@oag.texas.gov

Erin K. Snody
Assistant Attorney General
Office of the Attorney General
erin.snody@oag.texas.gov

***Attorneys for Appellant, Texas
Commission on Environmental
Quality***

Derek Seal
McGinnis Lockridge LLP
dseal@mcginnislaw.com

April Lucas
McGinnis Lockridge LLP
alucas@mcginnislaw.com

Jordan Mullins
McGinnis Lockridge LLP
jmullins@mcginnislaw.com

***Attorneys for Appellant, Max
Midstream LLC***

*/s/ Erin Gaines*
Erin Gaines

# Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Erin Gaines on behalf of Erin Gaines
Bar No. 24093462
egaines@earthjustice.org
Envelope ID: 99040107
Filing Code Description: Motion for Rehearing
Filing Description: APPELLEES MOTION FOR REHEARING
Status as of 3/31/2025 7:54 AM CST

Associated Case Party: Max Midstream, LLC

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Derek  Seal | | dseal@mcginnislaw.com | 3/28/2025 5:03:07 PM | SENT |
| Jordan  Mullins | | jmullins@mcginnislaw.com | 3/28/2025 5:03:07 PM | SENT |
| April Lucas | | alucas@mcginnislaw.com | 3/28/2025 5:03:07 PM | SENT |
| Kim McBride | | kmcbride@mcginnislaw.com | 3/28/2025 5:03:07 PM | SENT |

Associated Case Party: Texas Commission on Environmental Quality

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Annalisa  Guartuche | | annalisa.guartuche@oag.texas.gov | 3/28/2025 5:03:07 PM | SENT |
| Sara Ferris | | sara.ferris@oag.texas.gov | 3/28/2025 5:03:07 PM | SENT |
| David Laurent | | david.laurent@oag.texas.gov | 3/28/2025 5:03:07 PM | SENT |
| Erin Snody | | erin.snody@oag.texas.gov | 3/28/2025 5:03:07 PM | ERROR |

Associated Case Party: San Antonio Bay Estuarine Waterkeeper

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Erin  Gaines | | egaines@earthjustice.org | 3/28/2025 5:03:07 PM | SENT |
| Michelle Carlos | | mcarlos@earthjustice.org | 3/28/2025 5:03:07 PM | SENT |
| Claire Huebler | | chuebler@earthjustice.org | 3/28/2025 5:03:07 PM | SENT |
| Ilan Levin | | ilevin@environmentalintegrity.org | 3/28/2025 5:03:07 PM | SENT |

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|

# Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Erin Gaines on behalf of Erin Gaines
Bar No. 24093462
egaines@earthjustice.org
Envelope ID: 99040107
Filing Code Description: Motion for Rehearing
Filing Description: APPELLEES MOTION FOR REHEARING
Status as of 3/31/2025 7:54 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Colton Halter | | colton.halter@oag.texas.gov | 3/28/2025 5:03:07 PM | SENT |
| Debbie Trevino | | debbie.trevino@dinsmore.com | 3/28/2025 5:03:07 PM | SENT |

Associated Case Party: Texas Campaign for the Environment

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Erin  Gaines | | egaines@earthjustice.org | 3/28/2025 5:03:07 PM | SENT |
| Michelle  Carlos | | mcarlos@earthjustice.org | 3/28/2025 5:03:07 PM | SENT |
| Claire Huebler | | chuebler@earthjustice.org | 3/28/2025 5:03:07 PM | SENT |
| Ilan Levin | | ilevin@environmentalintegrity.org | 3/28/2025 5:03:07 PM | SENT |

Associated Case Party: S.DianeWilson

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Ethan Siegel | | esiegel@trla.org | 3/28/2025 5:03:07 PM | SENT |
| Karis Adams | | karisadams@trla.org | 3/28/2025 5:03:07 PM | SENT |

Associated Case Party: Calhoun Port Authority

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Petrus J.Wassdorf | | pwassdorf@hslawmail.com | 3/28/2025 5:03:07 PM | SENT |
| Michael Woodward | 21979300 | mwoodward@hslawmail.com | 3/28/2025 5:03:07 PM | SENT |
| Barton Hejny | 24082231 | bhejny@hslawmail.com | 3/28/2025 5:03:07 PM | SENT |
| Alan Sanders | | alan.sanders@dinsmore.com | 3/28/2025 5:03:07 PM | SENT |

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Erin Gaines on behalf of Erin Gaines
Bar No. 24093462
egaines@earthjustice.org
Envelope ID: 99040107
Filing Code Description: Motion for Rehearing
Filing Description: APPELLEES MOTION FOR REHEARING
Status as of 3/31/2025 7:54 AM CST

Associated Case Party: Texas Oil & Gas Association

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Samia Broadaway | 24088322 | samia.broadaway@bakerbotts.com | 3/28/2025 5:03:07 PM | SENT |
| Beau Carter | | beau.carter@bakerbotts.com | 3/28/2025 5:03:07 PM | SENT |